MARGARET A. HAINES, Respondent, v. A. A. PEARSON, Appellant.

### Kansas City Court of Appeals, May 30, 1904.

1. **NEGLIGENCE: Pleading: Amendment: Departure:** A petition sounding in negligence in the maintaining of a sign whereby plaintiff's husband was killed and an amendment thereof are considered and the amendment is held not to be a departure.

2. **DAMAGES: Measure of: Loss of Husband.** The measure of damages for the negligent killing of a husband is not his capacity of earning wages alone since the wages belongs to the husband and not to the wife, but such measure is also more than the wife's support since he is helpful and useful to her in many other ways.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*A. S. Marley* for appellant.

(1) The second amended petition and the first count of the third amended petition related to and were based upon an affirmation act of commission committed in spring of 1895, while the second count of third amended petition was based upon the sin of omission committed at or about the time the sign fell on September 24, 1900. Stevins v. Walpole, 76 Mo. App. 219; Fox v. Park Co., 42 N. Y. S. 794; 2 Wood on Nuisances, 1278. (2) The second count of plaintiff's third amended petition states a new and different cause of action from the one stated in the first count and the evidence to support the second count would not support the first count.

Scoville v. Glasner, 79 Mo. 449; Liese v. Meyer, 143 Mo. 547; Grigsby v. Barton Co., 169 Mo. 225; Holliday v. Jackson, 21 Mo. App. 664; Railroad v. Phelps, 4 Ill. App. 238; s. c., 94 Ill. 540; Pomeroy on Remedial Rights, sec. 453. (3) A verdict for defendant on the second amended petition would not under a plea of *res adjudicata* have been a complete defense to the second count of the third amended petition and this is another test proving the causes of action are not identical. Freeman on Judgments, sec. 259; Clark v. Blair, 14 Fed. 812; Stone v. U. S., 64 Fed. 667; Crockett v. Routon, Dud (Ga.) 254; Van Vliet on Former Adj., sec. 273; Garland v. Smith, 164 Mo. 22; Tutt v. Price, 7 Mo. App. 197. (4) The amount awarded, to-wit, $2,500, is excessive as it is the only present pecuniary value to her of her husband's life that is the measure of damages in such cases.   Schaub v. Railroad, 106 Mo. 93; Picketts v. Railroad, 117 N. C. 616; Storrs v. Grand Rapids, 68 N. W. 258; Alabama Co. v. Jones, 114 Ala. 534; Railroad v. Spence, 93 Tenn. 173; Ragnowski v. Railroad, 74 Mich. 20.

*L. A. Laughlin* for respondent.

(1)   The second count of the petition does not introduce a new cause of action.  1 Enc. Plead. and Prac. 563, 621; Hill v. Railroad, 49 Mo. App. 520; Stickford v. St. Louis, 7 Mo. App. 217, s. c. 75 Mo. 309; Lamb v. Railroad, 33 Mo. App. 489; Binicker v. Railroad, 83 Mo. 660; Sims v. Railroad, 83 Mo. App. 246; Brownell v. Railroad, 47 Mo. 239; Burbridge v. Railroad, 36 Mo. App. 669; Zellars v. Water & L. Co., 92 Mo. App. 107; Brady v. Connelly, 52 Mo. 19; Rinard v. Railroad, 164 Mo. 270; Taylor v. Springfield, 61 Mo. App. 263; Smith v. Railroad, 56 Fed. 458; Cross v. Evans, 86 Fed. 1; Railroad v. Cox, 145 U. S. 593; Greer v. Railroad, 94 Ky. 169; Railroad v. Gray, 101 Fed. 623; Wilson v. Railroad, 18 R. I. 598; Railroad v. Chapman, 83 Ala.

453; Land Co. v. Mingea, 89 Ala. 521; Railroad v. Dorsey, 68 Ga. 228; Railroad v. Kitchens, 83 Ga. 83; Mill Co. v. Monka., 107 Ill. 340; Railroad v. Stein, 140 Ind. 61; Dougherty v. Railroad, 97 Mo. 647; Gourley v. Railroad, 35 Mo. App. 87; Davis v. Railroad, 110 N. Y. 646; Railroad v. Buckalew, Tex. Civ. App. 1896; Railroad v. Hays, 99 Ga. 290; Richardson v. Coal Co., 18 Wash. 368; Railroad v. Sonders, 79 Ill. App. 41; s. c. 178 Ill. 585; Lottman v. Barnett, 62 Mo. 159; Buel v. Transfer Co., 45 Mo. 562; Lilly v. Tobbein, 103 Mo. 477; Rutledge v. Railway, 123 Mo. 140; Bricken v. Cross, 163 Mo. 449; Bernard v. Mott, 89 Mo. App. 403; Baker v. Railroad, 34 Mo. App. 98. (2) The damages are not excessive. Parsons v. Railroad, 94 Mo. 298; Knight v. Lead & Zinc Co., 75 Mo. App. 548.

BROADDUS, J.—This is an action for damages by plaintiff against defendant for alleged negligence in causing the death of her husband. The cause was in this court on a former appeal by defendant and reversed on account of error in the giving of a certain instruction. On the first hearing the cause was tried on the second amended petition. Before the last trial plaintiff again amended her petition and she again recovered.

One of the grounds relied on for reversal is that the second count of the third amended petition stated an entirely different cause of action from that contained in said second amended petition, which alleged, that defendant was the lessee of a certain brick building at 1006 Main street, Kansas City, and occupied the same as a wholesale dealer in millinery. That on the twenty-fourth day of September, 1900, defendant placed, or caused to be placed, on the front wall of said building overhanging the sidewalk in front thereof a sign advertising his business; that he "carelessly and negligently hung said sign (or caused the same to be hung) with such insecure and improper fastenings that it was liable to fall; that after hanging said sign, or causing the

same to be hung, defendant thereafter maintained said sign in such dangerous, unsafe and insecure condition when defendant knew, or by the exercise of due care should have known, that said sign was liable to fall at any time upon passersby on the sidewalk beneath it.'' Then follows an allegation that on the day named while plaintiff's husband was lawfully passing along said sidewalk in front of said building, that said sign, by reason of its insecurity, fell upon and killed him.

The third amended petition after substantially repeating the allegations in said second amended petition contains a second count, viz.: ''That on the front wall of said building and overhanging said sidewalk, defendant maintained a heavy wooden sign to advertise his business. That said sign rested on sign hooks placed in the wall of said building and was fastened at the top by wires leading from the sign to the wall of the building. That said wires had been eaten by rust so that they were liable to break and cause said sign to fall. That defendant knew of the condition of said wires, or by the exercise of due care could have known of their condition, in time to have remedied it before the accident to plaintiff's said husband,'' etc.

''Two of the tests by which to determine whether a second petition is an amendment or substitution of a new cause of action are: (1)   That the same evidence will support both petitions; and (2)   that the same measure of damages will apply to both. If both of these fail the new pleading is not an amendment.'' Scovill v. Glasner, 79 Mo. 449; Liese v. Meyer, 143 Mo. 547; Grigsby v. Barton Co., 169 Mo. 221; Holliday v. Jackson, 21 Mo. App. 660. It will be observed that the first count of the third amended petition is but a repetition of the former petition. We do not think the second count or the amendment is a departure from the original. The cause of action as stated in the original petition was the negligence of defendant in placing his sign on the front of the building without properly se-

curing it, and so maintaining it in that condition. The amendment is, that the wires holding the sign were eaten by rust so that they were liable to break and cause it to fall. The hanging of the sign with wires that were liable to become eaten with rust was an unsafe way of securing it, consequently the amendment relates to and may justly be considered as relating to the original allegation of negligence that the sign was improperly and insecurely placed. In fact, without the amendment it was competent for plaintiff to prove that the sign was placed on wires which were liable to and did become eaten by rust, in support of the allegation that the sign was negligently hung and maintained in that condition. Coleman v. Himmelberger Harrison Land & Lumber Co., 79 S. W. 981 and authorities cited.

The evidence to maintain the amendment would support the original petition, and the same measure of damages applies in both.

The further contention of defendant is, that the verdict of the jury was excessive. The evidence disclosed that plaintiff's husband at the time of his death was sixty-eight years of age, and that his earnings were $35 per month. According to the expectation for his life the amount of the verdict was greatly in excess of what she would be entitled to, if measured with reference to ordinary property rights. In cases of this kind no damages can be given for mental anguish, for distress, or loss of the society of deceased. Parsons v. Railroad, 94 Mo. 286; Knight v. Lead & Zinc Co., 75 Mo. App. 541. The trial court regarded the verdict as excessive and required plaintiff to enter a remittitur of $1,400 thereof. The plaintiff did remit the sum named which left the amount for which judgment now stands, $2500.

Defendant insists that plaintiff's damage is to be measured by what the evidence showed deceased was capable of earning by his labor. If that was all the value to be placed upon the life of deceased, perhaps

the judgment ought not to stand.   But we are of the opinion that what the deceased earned in wages is not the standard by which to measure plaintiff's damages, because he and not she was entitled to such earnings, except in so far as it was applied to afford her the necessities and comforts of life.   There is no safe standard by which we can be governed in the present case.

But aside from her support by deceased and aside, also, from his society, the wife had other property rights in the life of her husband.   The personal attention of the husband to insure her comfort and the many ways he might make himself helpful and useful to her should be taken into consideration in measuring her loss.   But as there is no reliable standard for the measurement of such damages, "much must be left to the judgment of the jury."   It cannot be said that the orignal verdict was excessive in view of the elements that are to be considered under such circumstances.   But the judge who heard the case and who was in a position to know best, thought the verdict was excessive and required, in the exercise of his discretion, that it be reduced to what he considered a proper amount.   As the judgment now stands we are satisfied that no injustice is done defendant, if the plaintiff was entitled to recover anything.

The cause is affirmed.   All concur.