## MAURICE QUIRK, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 6, 1919.

1. **NEGLIGENCE:** Humanitarian Doctrine. Plaintiff's son, seven years of age, was on the front steps of a street car in a position of peril which was known to the defendant's servants and they failed to stop the car. In attempting to alight while the car was moving, the boy fell and was injured. *Held*, that it was not necessary for plaintiff to show more than that his son was upon the steps, that he was a boy of tender years, that the car was moving from seven to ten miles per hour, to entitle him to go to the jury on the question that the boy was in a position of peril such as upon discovery by defendant's servants required them to stop the car or to take the boy back on the car out of danger.

2. ———: Pleadings: Statute of Limitations. An amendment to a petition alleging a new item of damages is not barred by the Statute of Limitations as the gist of a cause of action for damages for personal injuries is negligence, or breach of duty, and not the consequent injury resulting therefrom.

3. ———: Amended Pleading: Affidavit of Surprise. It was not error for the trial court to refuse a continuance because of the amending of the petition during the trial asking for loss of services of plaintiff's son under the circumstances in this case notwithstanding the filing of an affidavit of surprise.

Appeal from Jackson Circuit Court.—*Hon. Wm. O. Thomas*, Judge.

AFFIRMED.

*Clyde Taylor* and *Roscoe P. Conkling* for appellant.

*Harding, Murphy & Harris* for respondent.

BLAND, J.—Plaintiff recovered a verdict and judgment for loss of services, medical attention and other damages suffered by him on account of an injury to his son, Charles Quirk. The latter while attempting to get off of one of defendant's cars on July 4, 1910, fell from the front step thereof, his leg going under the the car causing the same to be cut off about six inches below the knee.

The facts in this case are substantially the same as those in the case of Charles Quirk, by next friend, Maurice Quirk v. Metropolitan Street Railway Company, No. 13116, decided at this sitting but not yet reported. The two cases are dissimilar however in some respects. Plaintiff in his petition in this case alleged that his minor son was on the front steps of the car in a position of peril which was known to defendant's servants, and that after seeing him in such a position they failed to stop said car. There is nothing said in the petition about the boy being ordered from the car or that he was attempting to alight therefrom when he fell. Plaintiff thus plants himself squarely upon the last chance doctrine. Plaintiff's instructions followed the petition and submitted the same negligence as alleged therein. A number of points raised in this case were disposed of in the other so it is unnecessary for us to go into those points a second time.

Defendant urges that the evidence does not prove but disproves the allegation in the petition that plaintiff's son fell from the steps of the car, in that it proves that he fell not by reason of the continued movement of the car but in an attempt to alight therefrom.

It is defendant's contention that there was no duty upon defendant's servants to stop the car merely because they saw plaintiff's son upon the steps, in the absence of any other showing that it was dangerous for plaintiff's son to be upon them, such as a showing that the car was swaying or jerking by reason of some defect of the track, etc.

That the humanitarian doctrine applies in cases where the circumstances are like those present in the

case at bar is well established. [See Drogmund v. Met., 122 Mo. App. 154.] It was not necessary for plaintiff to show anything more than that his son was upon the steps and that he was a boy of tender years, to-wit, seven years of age, and that the car was moving at the rate of from seven to ten miles per hour, to permit him to go to the jury on the question that his son was in a position of peril such as upon discovery by defendant's servants required them to stop the car or to take the boy back on the car out of danger. [Levin v. Traction Co., 194 Pa. St. 156; Wynn v. City & Suburban Ry., 91 Ga. 344, l. c. 352; Goldstein v. People's Railway, 60 Atl. (Del.) 975.] In fact, it seems apparent to us that a child of seven years of age on the steps of a car moving at the rate of from seven to ten miles per hour, is in a position of peril. The evidence shows not only these facts but further established the fact that he had been ordered off the car by the conductor and was on the steps for the purpose of obeying such an order, all of which was known by the motorman. The motorman was guilty of negligence in failing to protect the child under the circumstances. But plaintiff was not under the necessity of proving these additional facts. He made out a case under the petition by showing that defendant's servant saw plaintiff's son upon the steps under the circumstances and this even though plaintiff's son had not been ordered off the car. The petition does not allege that the boy was on the step attempting to alight from the car but alleged, generally, that he was on the step in a position of peril. Under such an allegation it was competent to prove that he was attempting to alight as an incident of his being on the step. The fact that the evidence shows that plaintiff's son was attempting to alight at the same time he was on the step would not change the cause of action for the reason given. If the car had been stopped plaintiff's son would not have fallen and been hurt. The evidence shows, then, that he was on the step and that he fell therefrom on account of the fact that the car was not stopped to permit him to

alight but continued to move forward. Plaintiff may have proved more than was necessary but by doing so did not disprove or fail to prove the case alleged.

The court did not err in refusing defendant's instructions D-1, D-2 and D-3. These instructions were substantially the same as defendant's instructions D-3, D-4 and D-5 in the other case and as we ruled against defendant in that case our ruling will be the same in this.

Plaintiff's son was injured July 4, 1910, plaintiff's cause of action, therefore, was barred five years after that date. The trial was had on May 1, 1917. The original petition asks damages for doctors' bills, medical attention, medicines, nursing, for an artificial limb, and for money that plaintiff would be obligated to pay out in the future for these things. During the trial of the case plaintiff was permitted to amend his petition by interlineation asking, in addition to the things mentioned, damages for the loss of services of his son. It is the contention of the defendant that at the time the petition was amended five years had elapsed since plaintiff's son was injured and that the setting up of the prayer in the amended petition tor loss of services of his son amounted to an additional cause of action being stated, which was barred by the Statute of Limitations.

Two of the tests by which to determine whether a second petition is an amendment or a substitution of a new cause of action are (1) that the same evidence will support both petitions; (2) that the same measure of damages will apply to both. [Scovill v. Glasner, 79 Mo. 449; Burnham & Co. v. Tillery & Co., 85 Mo. App. 453, l. c. 457; Haines v. Pearson, 107 Mo. App. 481, l. c. 484.] It is held in Cytron v. Transit Co., 205 Mo. 692, l. c. 700, that the proper judicial attitude toward amendments with reference to the Statute of Limitations is that such amendments are allowed expressly to save the cause from the statute and the courts have been liberal in allowing them when the

cause of action is not totally different. And that the rule thus announced is steadily applied.

The gist of the cause of action in a case of this kind is the negligence or breach of duty of the defendant and not the consequent injury resulting therefrom. [2 Wood on Limitations (4 Ed.), section 179; Illinois Steel Co. v. Szutenbach, 64, Ill. App. 642, l. c. 646.] The court in the latter case permitted plaintiff to introduce an additional allegation in his petition after the Statute of Limitations had run, alleging injuries to his mind and memory. It is stated in Van Patten v. Waugh, 122 Iowa, 302, l. c. 305, that "where the gist of the action remains the same, although the alleged incidents are different, the court has the right to permit plaintiff to withdraw his original declaration and file an amended one." In the case of Cooper v. Mills County, 69 Iowa, 350, it was held that where the action was begun before the time limited by the statute of Limitations an amendment may be filed after the time limited setting up additional damages arising out of the original cause of action, and such damages may be recovered if proved, and that the Statute of Limitations does not bar the same. In the case of Benson v. City of Ottumwa, 143 Iowa, 349, the court held that the addition of a new element of damages, where the gist of the action was not changed, is permissible and is not barred by the statute. As the gist of the cause of action in this case was the negligence and breach of duty of the defendant, it is apparent that the same evidence will support both the petition before it was amended and after and that the same measure of damages will apply to both. There is no question but that the amendment did not change the cause of action and that the new element of damage alleged was not barred.

The amendment was made during the trial of the case and defendant objected thereto and filed an affidavit of surprise asking for a continuance, which the court refused. The court gave as his reason for refusing a continuance, "I don't believe that this new

allegation will render additional evidence necessary, that is, other than would be required in the ordinary course of the trial." The trial court is vested with a discretion in these matters but, of course, that discretion may be abused. We think that it was not abused in this case. As was said in Blackwell v. Hill, 76 Mo. App. 46, l. c. 55, "The prospective loss of earnings is not susceptible of direct and conclusive proof even in adults, and much less in that of infants. The son of plaintiff is a mere child who is only eight years old. He has never earned anything and what his ability to labor or his earning capacity in the business pursuits of life will in the future be largely conjectural. In such cases it is held in the absence of direct evidence that much must be left to the judgment, common experience and enlightened conscience of the jurors, guided by the facts and circumstances of the case." There were no material facts and circumstances in the case at bar bearing on loss of earnings save those that were brought out in connection with the main issues in the case, that is, the circumstances of the accident and the negligence of defendant. These matters were set out in the original petition and defendant had seven years to prepare to defend them. Defendant says it should have been given an opportunity to show whether there had been an emancipation of the son. In the case of Schmidt v. Railway Company, 46 Mo. App. 380, l. c. 392, it was held that plaintiff proved there was no emancipation by a showing that the son was nine years of age; that he lived with his parents at the time of the accident and was taken home after the accident and nursed several months by his parents. The same facts appear in the case at bar except plaintiff's son was seven years of age at the time of the accident and fourteen or fifteen at the time of the trial and still living with his father. That plaintiff's son was emancipated was not within the realm of probability and at best was only remotely possible. We think the court did not abuse the discretion vested in him in reference to the matter.

The court did not err in admitting in evidence the written statement consisting of Dr. Horrigan's bill, obtained from the doctor's bookkeeper. Dr. Horrigan amputated the boy's leg and treated him for several months. Plaintiff went to see the doctor to get his bill but the doctor was out of town so plaintiff got the bill from the doctor's bookkeeper, and this was introduced in evidence. We think this statement was admissible as tending to show the amount of the bill. Dr. Horrigan's bill amounted to $192. The doctor was out of town at the time of the trial and plaintiff was allowed to testify, over defendant's objection, that the bill was reasonable. The objection to the testimony was that no one but the doctor was competent to testify as to the reasonableness of the bill and that the witness's answer was a conclusion. We think neither objection, was sufficient. Of course, other competent witnesses could testify as to the reasonableness of the bill and there was nothing to show that the witness was not competent to give his conclusion. There was no objection on the ground that it had not been shown that the witness was qualified to testify as to the reasonableness of the bill.

There is nothing in the contention that the doctor's bill was barred by the Statute of Limitations. We do not find that the point was raised in the lower court but, aside from this, only plaintiff could raise this point against the bill as the bill was not barred unless plaintiff chose to raise it.

The judgment is affirmed. All concur.