STATE of Missouri ex rel. Freda F. WHITAKER, Relator,

v.

Hon. Harry A. HALL, Judge of Division 10 of the Circuit Court of Jackson County, Missouri, Respondent (two cases).

Nos. 48980, 48981.

Supreme Court of Missouri,

En Banc.

July 16, 1962.

William J. Cason, Clinton, for plaintiff.

Robert B. Langworthy, Billy S. Sparks, Kansas City, for respondent. Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, of counsel.

HOLLINGSWORTH, Judge.

These are original proceedings brought by relator, Freda F. Whitaker, a resident of Benton County, Missouri, seeking to prohibit the respondent, Judge of the Circuit Court of Jackson County, from assuming jurisdiction of two actions pending against her in the Circuit Court of Jackson County, Missouri, on grounds no lawful venue of either action existed against her in said county and that said circuit court is without jurisdiction of her person. Our provisional rule in prohibition was issued in each case and the cases were thereafter consolidated for hearing and final determination by this court. The facts essential to determination of the issues thus presented are, for the purpose of this decision, agreed.

On April 8, 1956, Benton Jackson, his wife, Elsie, and their daughter, Mary K., all of whom were residents of Bates County, Missouri, were riding in an automobile driven by Benton Jackson when it came into collision with an automobile driven by relator, Freda F. Whitaker, in Benton County, in which county, as stated, relator resided. Benton Jackson died that day as a result of his injuries and Elsie, his wife, and Mary K., his daughter, sustained personal injuries.

On April 20, 1956, (twelve days after the collision) Mary K. Jackson was by the Probate Court of Bates County duly appointed administratrix of the estate of her deceased father. Publication of notice of the grant of letters of administration to her was begun on April 26, 1956, and thereafter completed as required by law. She thereafter acted as the duly appointed and qualified administratrix of the estate of Benton Jackson. On the 19th day of December, 1956, three lawsuits were filed against relator in the Circuit Court of Benton County, wherein the collision occurred and relator then and ever since has resided. The first of these suits was brought by Mary K. as administratrix for the alleged wrongful death of her father. Trial of that case resulted in a verdict and judgment in favor of relator. The two other suits, one by Mary K. for the personal injuries allegedly sustained by her and one by her mother for personal injuries allegedly sustained by her, were dismissed without prejudice.

Administration of the estate, with Mary K. acting as administratrix, continued without any further action being taken, insofar as the record shows, until March 31, 1961, on which date two incidents occurred: (1) Mary K. Jackson, with the approval of the Probate Court of Bates County, withdrew as administratrix and Herman M. Swafford, a resident of Jackson County, was by the Probate Court of Bates County appointed administrator de bonis non and

qualified as such; and (2) on the same day two lawsuits, the lawful venue of which are in these proceedings challenged by relator, were filed in the Circuit Court of Jackson County, to wit: an action by Mary K. Jackson (still a resident of Bates County) vs. Freda F. Whitaker and Herman M. Swafford, administrator de bonis non of the estate of Benton Jackson, deceased, for the sum of $25,000 for personal injuries allegedly sustained by Mary K. in said collision; and an action by Elsie Jackson (still a resident of Bates County) vs. Freda Whitaker and Herman M. Swafford, as administrator of the estate of Benton Jackson, deceased, for the sum of $35,000 for the personal injuries allegedly sustained by her in said collision. Summons in each case was served upon Herman M. Swafford, administrator de bonis non, in Jackson County and summons in each case was served upon Freda F. Whitaker in Benton County.

Although the first publication of letters occurred, as stated, on April 26, 1956, none of the plaintiffs in any of the actions filed against relator has ever complied with the provisions of the non-claim statutes, §§ 473.360, 473.363, 473.367 and 473.370, RSMo 1959, V.A.M.S. (to which revision all statutory references are made unless otherwise noted). The administrator de bonis non has answered to the merits in the actions here involved by pleas of general denial but he asserts no defense to the failure of either of the plaintiffs to comply with the provisions of these non-claim statutes.

Relator, by special entry of appearance, moved for dismissal of the actions as against her, to which motions she attached the affidavit of her counsel reciting the facts essentially as above set forth, accompanied by copies of the probate court records pertinent thereto.

█ Relator does not question the general rule of law that the venue of actions against administrators lies in the county of the residence of the administrator regardless of the county of probate. State ex rel. Nute v. Bruce, 334 Mo. 1107, 70 S.W.2d 854,

859; Sanders v. Savage, 234 Mo.App. 9, 129 S.W.2d 1061, 1065. But she does contend that failure to comply with § 473.360, by the filing of these claims in the probate court within nine months after the first published notice of letters of administration (April 26, 1956), forever barred any allowance of these claims against the estate or the administrator for any purpose whatsoever; that, therefore, no valid judgment can be rendered against the administrator because of total noncompliance with the aforesaid statutes; that being not suable at law on these claims he is not and cannot be a lawful party defendant so as to make the relator subject to suit in Jackson County under § 508.010, which provides that where there are several defendants and they reside in different counties the suit may be brought in any such county. Respondent, on the other hand, contends that one defendant may not invoke the benefits of a statute of limitations applicable to another defendant; that the statute here involved is an affirmative defense and does not extinguish the cause of action; and that the amendment of the non-claim statute in 1959, Laws 1959, S.B. 305, which became effective August 29, 1959, permits the maintenance of these actions against the estate, especially the suit brought by the wife, Elsie M. Jackson.

Prior to the collision of the automobiles herein referred to on April 8, 1956, the new probate code was enacted (Laws 1955, p. 385, Chap. 473, RSMo Cum.Sup.) and by its terms became operative January 1, 1956. Extensive changes were there made with reference to the time for filing claims in the probate court and the effect of failure to comply therewith. Section 473.360, to the extent here pertinent, provided:

"1. Except as provided in sections 473.367 and 473.370, all claims against the estate of a deceased person, * * whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate court within nine months after the first

published notice of letters testamentary or of administration, are forever barred against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent. * * *

"2. All actions against the estate of a deceased person, pending or filed under sections 473.363 or 473.367, shall abate or shall be barred unless notice of the revival or institution thereof is filed in the probate court within nine months after the first published notice of letters."

Although § 473.360 was repealed and a new § 473.360 was enacted in lieu thereof, Paragraph 1 thereof remained unchanged but Paragraph 2 was materially altered in 1959, S.B. 305, Laws 1959, RSMo 1959, V.A.M.S. That act became effective August 29, 1959.[1] Paragraph 2 reads:

"2. Unless written notice of actions instituted or revived under sections 473.363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the executor or administrator *out of any assets being administered upon in the probate court or from any distributee or other person receiving such assets.*" (Italics supplied.)

By the same 1959 act §§ 473.363 and 473.-367 were also changed and likewise became effective on August 29, 1959. New § 473.-363 deals with actions pending against any person at the time of his death and need not be further considered. New § 473.367 now reads:

"Any action commenced against an executor or administrator, after death of the decedent, is considered a claim duly filed against the estate from the time of serving the original process on the executor or administrator, and the filing of a written notice in the pro-

bate court of the institution of such action."

Thus, as shown, Paragraphs 1 and 2 of § 473.360 (except as to an immaterial amendment to Paragraph 2 made by Laws 1957, page 847) and §§ 473.363 and 473.367, as originally enacted, remained in effect for three years and four months after the first publication of letters on April 26, 1956.

In Clarke v. Organ, Mo., 329 S.W.2d 670, finally decided on November 9, 1959, this court en banc gave careful consideration to the provisions of § 473.360. After an extended study and discussion of the effect of that section and the other sections therein referred to (as may be noted from the majority and minority opinion filed therein), it was held: (1) That in view of the all-pervading terms of these non-claim statutes, which became effective January 1, 1956, they became and were applicable to all actions in tort for personal injuries and wrongful death; (2) that the proceedings therein prescribed placed the burden upon the plaintiff, not the administrator, to comply therewith; (3) that they were mandatory and, in effect, jurisdictional; and (4) that such actions for damages are barred for failure to comply therewith.

We think it inescapably follows that under the facts here shown and the construction placed upon § 473.360 in Clarke v. Organ, supra, the claims made in these actions were forever barred against the estate of deceased Benton Jackson, his administrator, heirs, devisees and legatees; and that the Circuit Court of Jackson County is without jurisdiction to hear and determine either of the actions here in question, unless the contentions made by respondent show good and valid grounds for now holding otherwise. We turn now to those contentions.

■ First, says the respondent, relator may not invoke a statute of limitations allegedly applicable to her co-defendant, the

1. See Laws 1959, "Effective Date of Laws", Page 15a.

administrator de bonis non of the estate of Benton Jackson, citing in support of that contention the case of First National Bank v. Security Mutual Life Insurance Co., 283 Mo. 336, 222 S.W. 832, 835; Quirk v. Metropolitan Street Railway Co., 200 Mo.App. 593, 210 S.W. 106, 109. But they are not in point. They deal with the ordinary statutes of limitations which a claimant is privileged to assert or refrain from asserting as he may elect. The statutes here involved deal with and define in precise terms the limitations placed upon the jurisdiction of probate courts *to allow claims not filed within the time and manner prescribed by law; they are mandatory and jurisdictional;* so made for the purpose of expediting the liquidation and distribution of estates of deceased persons and they may not be waived. "Taking these statutes at their face value, they bar (or abate) all claims, whether filed in the probate court or instituted in the circuit court, unless the claim *or the required notice of suit or copies of the process and return* are timely filed in the probate court." Clarke v. Organ, supra, 329 S.W.2d 670, 673 [1]. Admittedly, there was never any compliance with the requirements of § 473.360.

The law as thus declared makes it clear that failure to comply with these statutes, as they existed, unconditionally and forever barred their allowance in the probate court, unless, as respondent contends, they were given new life to the extent therein provided by the act of 1959, to which contention we now direct attention.

Respondent also insists that despite the law as declared in Clarke v. Organ, supra, § 473.360 is an affirmative defense and does not extinguish the cause of action and must be pleaded as a defense in the answer of any defendant allegedly entitled to assert it, citing (1) S.Ct.Rule 55.10, V.A.M.R. which, after enumerating certain specific defenses that must be affirmatively pleaded, closes with the general phrase "and any other matter constituting an avoidance or affirmative defense"; (2) S.Ct.Rule 55.43,

which provides, in substance, to the extent here pertinent, that all defenses not raised in a responsive pleading are waived, except "failure to state a legal defense to a claim" and except "lack of jurisdiction over the subject matter"; and (3) the case of Rabin v. Krogsdale, Mo., 346 S.W.2d 58.

Before discussion of this contention, we should mention that Clarke v. Organ, supra, 329 S.W.2d 670, treated with the distinction between the necessity of pleading the general statute of limitations as distinguished from the mandatory and jurisdictional requirements of § 437.360, saying, loc. cit. 676–677: "The statutory notice (section 473.360, subd. 2) or copies of process and service (section 473.367) were specifically required to be *filed 'in the probate court,'* not merely to be *served* on the administrator. It is a notice in an in rem proceeding, intended to afford protection as well as notice, to all interested parties and to the Probate Court. The burden of filing the notice is upon the plaintiff, not upon the administrator. Moreover, the general statutes require service of process on the administrator, as on any other defendant, and the filing of an answer by him. If these steps constituted the required notice or a waiver of notice, then the carefully selected provisions of the present notice requirements were wholly pointless. In other words, if the filed notice was merely another notice to the administrator, there would be absolutely no point in thus giving him, or her, two notices of the suit. It is thus seen that there is an additional purpose in and reason for the filed notice. Even under the old law, which required the exhibition and filing of claims, our courts were strict in forbidding any waiver by an administrator of the time of filing claims."

In Rabin v. Krogsdale, Mo., 346 S.W.2d 58, an action for personal injuries had been brought by plaintiff Rabin against Mrs. Edna Krogsdale. On January 6, 1959, *while the action was pending,* Mrs. Krogsdale died. Thereafter, plaintiff, pursuant to the nonclaim statutes, suggested her death and her executor was substituted as defen-

ant. The 1959 act was approved on June 29, 1959, but had not then gone into effect. Defendant contended that the action was governed by the non-claim statutes as they existed prior to the effective date of the act and was barred. Plaintiff did not comply with the original statutes because he did not (and apparently could not) file his claim in the probate court as required by § 473.360. He did, however, comply with the provisions of the 1959 act. If the original act was applicable, the penalty was that he could not satisfy his claim out of the assets of the estate; if the act of 1959 should be construed to apply, he could do so. The trial court sustained defendant's contention. Plaintiff appealed.

In discussing the problem, this court stated the law to be (omitting quotes within quotes), loc. cit. 60: "And, generally speaking, no one has a vested right in a statute of limitations, and it is competent for the legislature, either by extending or reducing the period of limitation, to regulate the time within which suits may be brought even on existing causes of action. [Cases cited.] Since no one has a vested right in a statute of limitations, the legislature may enact a nonclaim statute applying retroactively to claims against estates of deceased debtors if a reasonable time is allowed after enactment. Annotation 117 A.L.R. 1208." The opinion went on to note, however, and to quote with approval a further statement found in 46 A.L.R. 1101, to the effect that inasmuch as statutes prescribing the time within which particular rights might be enforced relate to remedies only, "the legislature has the power *to increase the period of time* necessary to constitute limitation, and to make it applicable to existing causes of action, *provided such change is made before the cause of action is extinguished under the pre-existing statute of limitations.*" (Italics supplied.) The opinion then considered the provisions of the general procedural statutes relating to abatement and revival of actions, which provided that such actions could be revived within *one year after death*; and held, 346 S.W.2d loc. cit.

61: "While the legislature [by the 1959 act] did not lengthen or shorten the period for filing claims, it changed the effect of failure to timely file a claim from abating or barring the claim to preventing 'recovery * * * in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court.' Laws Mo. 1959, S.B. 305."

That case is clearly distinguishable from the instant case. In the Rabin case the action was pending when the defendant died. In the instant case some 38 months had elapsed since the first publication of letters before the act of 1959 was even approved. More than two years had expired since the bar of limitations had run and no effort whatever had been made to comply with the existing statutes; and the administratrix had filed and lost her wrongful death action and Mary K. and Elsie Jackson had dismissed their personal actions against relator. Not only under the rule announced in Clarke v. Organ, supra, were they barred, but, under the rule relating to general statutes of limitations to actions, they were also barred because the causes of action here involved had long since been extinguished under pre-existing statutes. See the quotation from 46 A.L.R. 1101, as approved in Rabin v. Krogsdale, supra.

However, respondent further insists that the 1959 act was "intended" to and did modify the statute which previously existed and clearly contemplates that a judgment may be obtained in a proper case even where the notices required in § 473.360 are not filed as therein required. His argument is that: "Prior to November 12, 1957, it was the opinion of attorneys throughout the State of Missouri that a suit could not be brought by one spouse against the estate of a deceased spouse for torts committed during the marriage. This was the opinion of several judges of this Court. See: Rogers v. Rogers, 265 Mo. 200, 177 S.W. 382. However, on November 12, 1957, this Court for the first time held (over two

strong dissents) that a wife could recover against the administrator of the estate of her deceased husband damages for personal injuries caused by the husband's tort. Ennis v. Truhitte (Mo.Sup. *en banc*, 1957), 306 S.W.2d 549. Until that date, no spouse could recover. Since that date, recovery could be had. * * * At the first opportunity the Legislature had, it corrected this inequity so that the statute would not bar such claims, at least to the extent that there were other assets from which a spouse (or any other person) could make recovery. * * * There is, of course, one further reason why the Legislature may have considered such an amendment necessary. It is useless for a claimant to file a claim in an estate if there are no assets in the estate to pay the claim. However, if assets are discovered at a later date and an administrator *de bonis non* is appointed, and if the assets newly discovered are such that all claimants can be paid, should the creditor now be barred from attempting to reach those assets? The Legislature must have felt that there should be no bar as to assets not previously administered upon."

■ In the first place, no one may reasonably say that had Elsie Jackson brought a timely action against her husband's administrator for the personal injuries sustained by her and complied with the provisions of § 473.360 that this court would have held differently than it held in Ennis v. Truhitte. But be that as it may, we think that contention will not withstand careful scrutiny on its merits. "A statute of limitations will not be construed so as to affect causes of action already barred, if such construction can reasonably be avoided, especially where the limitation in force when the cause of action accrued is a part of the right of action itself. Revival by statute of a right of action already barred by limitations is an extreme exercise of legislative power which will not be deduced from words of doubtful meaning. * * * The statute will lift the bar, however, where the intent of the legislature is clear." 53 C.J.S. Limitations of Actions § 4e, page 917.

We have also considered the recent case of Darrah v. Foster, Mo., 355 S.W.2d 24, referred to by respondent in the oral presentation of these cases. The Darrah case *involved a timely filed and pending action* and cited the rule as announced in 11 Am.Jur., Constitutional Law, § 382, p. 1212: "As a general rule, where there is no direct constitutional prohibition, the legislative branch of government, whether Federal or state, may pass retrospective laws, such as, in their operation, *may affect suits pending and give to a party a remedy which he did not previously possess, or modify an existing remedy, or remove an impediment in the way of legal proceedings. Such acts are of a remedial character and are the peculiar subjects of legislation.*" (Italics supplied.)

■ For the reasons above and hereinafter stated, we have concluded that the rule therein announced will not permit the institution and maintenance of the instant actions because, as stated, they *long since had been extinguished under pre-existing statutes.*

There is nothing in the 1959 act from which it may reasonably be declared that the legislature *intended* these (so-called) amendments to extend the new privileges therein granted *to the bringing of new actions or the filing of new claims that had been extinguished under the provisions of the law as it existed prior to the effective date of the act.* Actually, that act does not purport to be an *amendment* of any of the sections here involved. To the contrary, it *expressly repealed those sections* and "enacted three new sections in lieu thereof to be known as Sections 473.360, 473.363 and 473.367." We must construe that act as written; to hold otherwise would be contrary not only to the law as announced in Clarke v. Organ, supra, but also to the general rules long established for the construction of legislation such as is here considered.

■ We are not here concerned with what may occur in the cases pending

against the administrator, but we do hold that inasmuch as the actions pending against the administrator were long since barred by the provisions of the non-claim statutes prior to the amendment of 1959 to the full extent declared in Clarke v. Organ, he is not a legitimate defendant so as to render his co-defendant, relator, subject to being sued in Jackson County under the provisions of § 508.010.

The provisional rule in prohibition heretofore issued is made absolute.

All concur.