ANDREW HARTVEDT, Plaintiff, MALVINA HARTVEDT ET AL., Appellants, v. A. J. MAURER, Respondent.

A. J. MAURER, Respondent, v. FRED SNIDER ET AL., Defendants, MALVINA HARTVEDT ET AL., Appellants, Nos. 41065 and 41066—220 S. W. (2d) 55.

Division One, April 11, 1949.

Rehearing Denied, May 9, 1949.

*Walter J. Gresham* for appellants.

18

*John W. Coots* and *David R. Clevenger* for respondent.

BRADLEY, C.—February 4, 1930, A. J. Maurer filed a suit against Fred Snider, Andrew Hartvedt and others to determine title to certain real estate in Platte County. At the September 1930 term of court judgment by default was rendered adjudging title to be in Maurer. Within three years from rendition of said judgment Hartvedt filed motion, based on Sec. 1267 R. S. 1939, Mo. RSA Sec. 1267, to set aside the judgment and that he be given permission to answer and defend his claim. The motion to set aside was continued from term to term. Hartvedt died July 15, 1943; on November 24, 1947, Malvina Hartvedt, widow of Andrew Hartvedt, deceased, and other heirs, filed in said cause their petition to revive Hartvedt's petition (cause) to set aside the judgment rendered in 1930 adjudging title to be in Maurer, and asked that they be substituted as plaintiffs or movants in said petition to set aside. June 7, 1948, the petition for revivor was denied and the Hartvedt heirs appealed. This appeal is No. 41,066.

In 1938 Andrew Hartvedt, defendant in the above mentioned suit to determine title, filed suit in ejectment against Maurer to recover possession of the same real estate that was involved in Maurer's suit

to determine title. The ejectment suit never came to trial. Maurer died March 19, 1943; on November 24, 1947, the heirs of Hartvedt filed in the ejectment suit their petition for revivor and asked that they be substituted as plaintiffs therein. And they asked that if the heirs of Maurer did not enter their appearance, then that scire facias issue to them returnable to the next term of court. June 7, 1948, the petition for revivor in the ejectment suit was denied and the Hartvedt heirs appealed. This appeal is No. 41,065. The appeals were consolidated.

The heirs of Maurer successfully resisted the revivors sought and hereinafter we refer to them as respondents and to the heirs of Hartvedt as appellants. No suggestion of death was made in either the suit to determine title or in the suit in ejectment until November 24, 1947, when the petitions for revivor were filed, and since revivor and substitution of parties were not sought within one year after the death of Hartvedt and Maurer, respondents contend that revivor is barred under Sec. 22(a) (3) of the new civil code. Laws 1943, p. 364, Mo. RSA Sec. 847.22(a) (3). On the other hand appellants contend that since the new code did not become effective until January 1, 1945 (Sec. 3, Laws 1943, p. 357, Mo. RSA Sec. 847.3), the matter is governed by Sec. 1042 R. S. 1939, Mo. RSA Sec. 1042.

Sec. 22(a)(1) provides that "If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties . . ." Sec. 22(a)(3) provides: "If the death occurs prior to final judgment or after final judgment and before appeal and substitution or motion therefor is not made within 1 year after the death, the action shall be dismissed as to the deceased party; if death occurs after appeal and before final determination thereof and substitution on motion therefor is not made within one year after the death, the appeal shall be dismissed as to the deceased party."

Sec. 1042 R. S. 1939, Mo. RSA Sec. 1042, provides: "No action shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue. In case of the death, marriage or other disability of a party, the court, on or before the third term after the suggestion of such death, marriage or disability, may, on motion, order the action to be continued by or against the representative or successor of such party in interest. When the cause of action does not survive, the action shall abate only as to the deceased parties, and shall continue as to the survivors, if any, without a revival thereof."

Respondents do not claim the causes to determine title and in ejectment were *extinguished* upon the death of Hartvedt and Maurer, but they say that Sec. 1042 upon which appellants rely was specifically repealed by the new code. Sec. 1, Laws of 1943, p. 356, Mo. RSA Sec. 847.1. But in answer to this appellants say that if Sec. 22(a)(3) of the new code be construed to shorten the time for revivor and sub-

stitution of party or parties where the right thereto had vested prior to the effective date of the new code, as is the case here; would deprive them of such vested right and runs counter to the retrospective provision of Sec. 13, Art. I of the Constitution. It is this point that gives appellate jurisdiction of these causes to the supreme court. Sec. 3, Art. V, Constitution.

Here is the question: Is the one year limitation in Sec. 22(a)(3) of the new code applicable to appellants' petition for revivor of the causes and substitution of parties therein? If so, then the ruling of the trial court in denying the relief sought by these petitions was correct.

Before proceeding further we should make reference to the defects of Sec. 22(a)(3). In 1 Carr's Missouri Civil Procedure, p. 248, is this: "Section 22(a)(3) supports a construction that if a party dies after judgment and no appeal is taken, a failure to take steps to make substitution of parties within one year of the death would invalidate the judgment. Of course this was not intended and this defect in the code has been corrected by Missouri supreme court rule 3.08(a)." Rule 3.08(a) was adopted November 10, 1944, and became effective January 1, 1945, same date the new code became effective (supreme court record 12, p. 378), and is as follows: "If substitution or motion therefor is not made within one year after the death of a party prior to judgment, the action shall be dismissed as to the deceased party; if the death occur after judgment and within the time for allowance of appeal by either the trial court or the appellate court, substitution may be made on motion in either of said courts; if the death occur after appeal and before final submission thereof, and substitution or motion therefor is not made within one year after the death, the appeal shall be dismissed as to the deceased party. When a party dies after judgment and no appeal is taken, failure to make substitution or motion therefor within one year does not invalidate the judgment."

Repealed Sec. 1042, dealing with the subject of abatement and revival, is in the nature of a special statute of limitations. Johnson v. Hiller (Mo. App.), 299 S. W. 135, certiorari denied 277 U. S. 603, 48 S. Ct. 600, 72 L. Ed. 1010. See also State ex rel. Fidelity National Bank & Trust Co. v. Buzard, 351 Mo. 746, 173 S. W. (2d) 915. If repealed Sec. 1042 of the old code is in the nature of a statute of limitation, then Sec. 22(a)(3) of the new code as corrected by Rule 3.08(a) is also in the nature of a statute of limitation.

"No vested right exists in a fixed limitation of time for commencing actions, and it is competent for the legislature, either by extending or reducing the period of limitation, to regulate the time within which suits may be brought even on existing causes of actions. This power, however, is subject to the fundamental condition that an adequate means of enforcing the right of action remains and that a

reasonable time shall be allowed for the exercise of the right whether existing or prospective, after it comes within the prospective or present operation of the statute and before the bar becomes effective." 16 CJS, Const. Law, Sec. 266, p. 683; 34 Am. Jur., Limitation of Actions, Sec. 29, p. 351. See also, Chenault v. Yates (Mo. App.), 216 S. W. 817; Randolph v. City of Springfield, 302 Mo. 33, 257 S. W. 449; Wentz v. Price Candy Co. et al., 352 Mo. 1, 175 S. W. (2d) 852.

As stated, Maurer, plaintiff in the suit to determine title, and defendant in the suit in ejectment, died March 19, 1943, and Hartvedt, defendant in the suit to determine title and plaintiff in the suit in ejectment, died July 15, 1943. And, as stated, the new code became effective January 1, 1945, but no suggestion of death or move to revive in either case was made until November 24, 1947, four years and 8 months after Maurer's death, 4 years and 4 months after Hartvedt's death, and 2 years and 10 months after the new code and Rule 3.08(a) became effective.

The heirs of Hartvedt, appellants, were not given any vested right, upon his death, to revivor and substitution of parties under Sec. 1042, supra, which was in force at the time of his death, therefore a shortening of the time for revivor and substitution of parties by a statute subsequent to the death of Hartvedt did not run counter to the retrospective provision of Sec. 13, Art. I, Constitution.

The judgment in each case denying the petition for revivor and substitution of parties should be affirmed, and it is so ordered. *Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.