Jerry COBBLE, by his next friend, Chester Cobble, et al., Appellants,

v.

L. E. McDONALD, Sr., Respondent.

No. 46791.

Supreme Court of Missouri,

En Banc.

June 9, 1958.

Max H. Glover, Webb City, for appellants.

Rex Titus, Joplin, amicus curiæ.

DALTON, Chief Justice.

This cause was transferred from the Springfield Court of Appeals for want of jurisdiction in that court. Cobble v. McDonald, Mo.App., 309 S.W.2d 154.

Plaintiffs' original petition was in three counts, wherein the respective plaintiffs in separate counts sought recovery for their respective personal injuries or property damages alleged to have been caused by defendant's negligence. Defendant filed an answer asserting various defenses and also a counterclaim against plaintiffs for $500 property damage to defendant's automobile. The damage was alleged to have been sustained when plaintiffs' motorcycle collided with defendant's 1939 Chevrolet automobile. Plaintiffs' reply alleged that defendant's damages were caused by defendant's own negligent acts and omissions.

Thereafter, on January 27, 1956, plaintiffs filed a copy of an application theretofore filed in the probate court of Jasper County by plaintiffs' counsel for the appointment of a personal representative for the estate of L. E. McDonald, Sr., who was alleged to have departed this life on or about April 30, 1955, in Webb City, Jasper County. The prior death of defendant was not mentioned in any of the counts of plaintiffs' amended petition which was subsequently filed on August 10, 1956. The amended petition was in five separate counts and charged primary and humanitarian negligence. The amounts of recovery sought in the respective counts of that petition were as follows: $40,000, $10,000, $400, $3,000 and $5,000.

Counsel for defendant thereafter, on January 31, 1957, moved to dismiss plaintiffs' action on the ground that the defendant named in the counts of the several petitions had died on the 27th day of April, 1955, as plaintiffs' counsel had admitted by doc-

uments subsequently filed in the circuit court and that "no motion or order has ever been made, requested, filed or entered for substitution of the proper party or parties in this cause; * * * that none of the requirements or provisions of Section 507.-100 V.A.M.S. (as amended Laws 1953, p. 313) have ever been undertaken or followed"; and that "more than one whole year has expired since notice of the death of defendant L. E. McDonald, Sr. was filed in this action." The motion to dismiss was sustained and plaintiffs' cause was dismissed, hence this appeal by plaintiffs.

Subsequent to the dismissal of plaintiffs' cause and prior to the filing of the notice of appeal on May 23, 1957, plaintiffs had, on February 20, 1957, filed a motion to set aside the judgment of dismissal and, on April 29, 1957, had filed a motion for substitution of "Joel Davis, administrator and personal representative of L. E. McDonald, Sr., deceased," as party defendant. The transcript shows no affirmative action by the trial court on either of these motions.

In the Springfield Court of Appeals, Rex Titus, one of the attorneys who had represented L. E. McDonald, Sr., in the trial court before McDonald's death, applied for and was granted permission to intervene as amicus curiae and to file a brief herein, which brief has also been filed in this court. No other parties than plaintiffs-appellants and Rex Titus, as amicus curiae, have appeared in this court and the cause has been submitted without argument.

Appellants' sole assignment of error is that the court erred in dismissing the plaintiffs' cause on February 11, 1957, because "the time for filing a motion for substitution of parties runs, not from the date of death, or notice of death, but from the appointment of a personal representative. Craig v. Wagner, 88 Conn. 100, 89 A. 916."

Appellants contend that subparagraph 3 of section 507.100 RSMo 1949, V.A.M.S., as amended Laws 1953, p. 313, as it stood when the dismissal was entered, "does not cover the situation arising in the case here-

in," because "there was no administrator appointed until the 30th day of April, 1956," and there was no person on whom service could have been had prior to April 30, 1956; "that any motion to dismiss prior to one year of the date of the appointment of a personal representative was premature"; and that the motion to dismiss was prematurely filed and erroneously sustained. Appellants pray judgment "that the order and judgment of the circuit court dismissing appellants' petition be reversed; that the said petition be reinstated; and that the circuit court be directed to sustain appellants' motion for substitution of parties and the cause remanded for trial."

By reason of express statutory provisions the plaintiffs' cause did not abate by reason of defendant's death on April 27, 1955. See Sections 537.010 and 537.020 RSMo 1949, V.A.M.S. (Also see the amendment of section 537.020, Laws 1955, p. 780.) The applicable statutory provision with reference to substitution of parties when the motion to dismiss was filed and sustained (February 11, 1957), read as follows: "Substitution of parties upon death, incompetency or transfer of interest. 1. (1) If the party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in section 506.100 RSMo 1949, and upon persons not parties in the manner provided for the service of a summons. * * * (3) If the death occurs prior to final judgment or after a final judgment and before appeal and substitution or motion therefor is not made within one year after notice of the death is filed in said action, and served upon all other parties, the action shall be dismissed as to the deceased party; * * *." Section 507.100 RSMo 1949, V.A.M.S., as amended Laws 1953, p. 313.

It is immaterial to any of the issues here that the section has since been amended and

that subsection 3 of section 507.100, as amended Laws 1957, p, 293, effective 90 days after May 31, 1957, now reads: "If the death occurs prior to final judgment or after final judgment and before appeal and substitution or motion therefor is not made within nine months after the first published notice of letters testamentary or of administration, the action shall be dismissed as to the deceased party; * * *."

■ It is apparent that the statute, which was in effect at the time of defendant's death, was a special statute of limitations and fixed a one year limitations period for the substitution of parties upon death. The question presented here is, therefore, from what date the statute began to run? The statute as it existed prior to the 1953 amendment fixed the date of the death of the party as the date from which limitations ran and it provided for substitution "within one year after the death." Section 507.100 RSMo 1949, V.A.M.S. (Laws 1943, p. 353, sec. 22.) The statute was so applied and actions barred in Hartvedt v. Maurer, 359 Mo. 16, 220 S.W.2d 55, 57; Campbell v. Webb, 363 Mo. 1192, 258 S.W.2d 595, 605 (16–17). As stated, the 1953 amendment provides for substitution "within one year after notice of the death is filed in said action." Laws 1953, p. 313.

This record shows that defendant L. E. McDonald, Sr., died on April 27, 1955, and that such fact appeared of record in said cause in the circuit court from and after January 27, 1956, and that no further action for substitution was undertaken prior to the filing of the motion to dismiss and the dismissal of the cause as to the deceased party on February 11, 1957. Appellants' theory, as stated, is that since no personal representative for the estate of the deceased was appointed until April 30, 1956 and more than a year after the death of the defendant, the one year statute of limitations should run from the date of such appointment rather than from January 27, 1956, the date of the filing of the notice of death in the action.

No attack, as such, is made upon the statute (Laws 1953, p. 313), appellants contend, as stated, that the "statute does not cover the situation arising in the case herein," because until such time as an administrator was appointed for the deceased party, there was no person upon whom service could have been had; and that, in determining limitations under the statute, the lapse of time between the death of the party and the appointment of a personal representative must be excluded, hence the statute did not apply at the time of dismissal to bar substitution of the personal representative of the deceased defendant as a party to the action.

The only authority cited by appellants is Craig v. Wagner, supra, and its applicability is not discussed in appellants' brief. However, the Connecticut statutes considered in that opinion are very different from the statutes of this state. That was an action for money loaned and was commenced by the attachment of defendant's real estate. Defendant died before final judgment and plaintiff attempted to proceed by scire facias against defendant's executrix at the next term, but the trial court erroneously denied plaintiff the right to so proceed and abated the cause on the theory that death vacated the attachment and the estate of defendant was insolvent. On appeal, the judgment was reversed and, under the facts, the court held that the only applicable statute of limitations ran from the date of the appointment of defendant's executrix and not from defendant's death. The case does not aid us here.

■ Since this court has previously held that the prior statute, section 507.100 RSMo 1949 (Laws 1943, p. 353, section 22) providing a special limitation period for substitution after the death of a party of "one year after the death" barred substitution after the lapse of that period of time (Hartvedt v. Maurer, supra; and Campbell v. Webb, supra), we see no reason why the statute as amended (Laws 1953, p. 313) fixing the time for substitution in the event of death of a party as "one year after notice of the death

is filed in said action" is not valid and effective to bar substitution after the lapse of that period from and after the filing of notice of such death in the action. The action was properly dismissed in view of the lapse of time in excess of the period fixed by the applicable statute of limitations.

The judgment is affirmed.

All concur.