Bobby D. RABIN, Appellant,

v.

Edna A. KROGSDALE and Commerce Trust Company, a Corporation, Executor of the Estate of Edna A. Krogsdale, Deceased, Respondent.

No. 48229.

Supreme Court of Missouri,

Division No. 2.

April 10, 1961.

Motion for Rehearing or for Transfer to Court en Banc Denied May 8, 1961.

Louis Wagner, Kansas City, for appellant.

Roy F. Carter, Kansas City (Sprinkle, Carter, Sprinkle & Larson, Kansas City, of counsel), for respondent.

BARRETT, Commissioner.

Alleging that he had stopped his automobile in traffic on 75th Street and that Edna A. Krogsdale negligently drove her automobile into the rear of his stopped vehicle, Bobby Rabin instituted this action against Mrs. Krogsdale to recover $50,000 damages for his resulting personal injuries. On January 6, 1959, while the action was pending, Mrs. Krogsdale died and the Commerce Trust Company was appointed executor of her estate. Thereupon the plaintiff, pursuant to the provisions of the nonclaim statutes as amended in 1959 (Laws Mo.1959, S.B. 305; Mo.R.S.1959, Secs. 473.360, 473.-363, 473.367, V.A.M.S.), filed suggestion of Mrs. Krogsdale's death, duly served the Commerce Trust Company as executor with process and substituted the trust company as party defendant. Since Mrs. Krogsdale died on January 6, 1959, and the amended nonclaim statutes were approved on June 25, 1959, the defendant was of the opinion

that the amended nonclaim statutes were not applicable and that the action was governed by the nonclaim statutes as originally enacted as a part of the Probate Code in 1955. Laws Mo.1955, pp. 385, 434–435; Laws Mo.1957, pp. 829, 847; V.A.M.S., Secs. 473.360, 473.363, 473.367. In short, since the plaintiff substituted parties as provided in the amended act and did not file notice of his claim in the probate court within nine months of the first published notice of letters testamentary, as provided in the original act, it was the contention of the defendant that plaintiff could not maintain the action. Therefore, the defendant was of the opinion that plaintiff's cause of action was barred and accordingly filed a motion to dismiss. The court sustained the motion and the plaintiff appeals from the final judgment of dismissal. In this manner is presented for decision, as the parties agree, the question of whether the action is governed by Laws of Mo.1959, S. B. 305, or whether it is governed by Laws of Mo.1955, p. 385. If the original statutes govern, the action, admittedly, was barred. Clarke v. Organ, Mo., 329 S.W.2d 670. On the other hand, if the amended statutes govern, the action, admittedly, was not barred.

It is not necessary for the purposes of this appeal to set forth the provisions of either the original or the amended acts and precisely note the changes, the respondent concedes that the appellant has complied with the amended statutes (Maus, Probate Law and Practice, Secs. 849, p. 153, 913, p. 202) and the only question is whether they are applicable and govern or whether the original statutes apply and govern. To briefly correlate the case to the statutes and to the problem involved it is sufficient to say that the appellant did not comply with the original statutes because he did not timely file his claim in the probate court; on the other hand, he has complied with the amended statutes in that he has substituted the executor as a party and if the latter statutes apply the penalty is that he may not satisfy his claim out of the assets of Mrs. Krogsdale's estate. Or, to cryptically state the case, under the original statutes his action was subject to dismissal, under the amended statutes his action was not subject to dismissal.

In support of his position that the amended statutes were effective and govern the appellant invokes the auxiliary rules of construction, particularly urging upon the court the manifest intention of the legislature (Clarke v. Organ, 329 S.W.2d loc. cit. 679) to materially change the effect of failure to comply with the nonclaim statutes. In this connection the appellant contends that the nonclaim statutes are remedial, not substantive, and therefore urges that the amended statutes govern his tort action which survived after Mrs. Krogsdale's death. In support of his argument the appellant relies upon the analogy of the workmen's compensation law in which it was held that its statute of limitations applied to the remedy only and therefore the limitation period for filing claims could be enlarged or extended as to existing claims from six months to one year. Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852. On the other hand, the respondent points to the original nonclaim statutes and because of their use of the words "abate" and "barred" (V.A.M.S., Sec. 473.360, subd. 2) says that they were not ordinary statutes of limitation extinguishing the remedy but were special statutes of limitation extinguishing the right and therefore could not be changed so as to apply to the plaintiff's pending cause of action. This in summary is the substance of the respondent's contention: "This statute (original section 473.-360) is concerned with the survival of actions and is substantive," consequently, being the statute in force when Mrs. Krogsdale died, controls the plaintiff's action. At common law actions did not survive the death of a party (Cole v. Parker-Washington Co., 276 Mo. 220, 207 S.W. 749, 766), and from this it is reasoned that the nonclaim statutes "constitute a special statute of limitations." For its supporting analogy the respondent relies on cases arising under

the wrongful death statute and the 1947 amendment providing, for the first time, for the survival of wrongful death actions. Laws Mo.1947, p. 225. The amended act in providing for survival was held to create a substantive right, not a rule of procedure, and therefore it was held that it did not relate back or operate retrospectively and was inapplicable to the plaintiff's action which was governed by "the statutes in force at the time of the wrongdoer's death, and not those at the time the action is pending, * * *." Mennemeyer v. Hart, 359 Mo. 423, 430, 221 S.W.2d 960, 963–964.

■ The analogy is quite imperfect, this is not an action under the wrongful death statute, this is an action for personal injuries and it did not abate upon Mrs. Krogsdale's death. V.A.M.S., Secs. 537.-020, 507.100. Under the statutes in force at her death the action survived and was subject to revival (V.A.M.S., Sec. 507.100; Sup.Ct. Rule 52.12, V.A.M.R.; Cobble v. McDonald, Mo., 313 S.W.2d 713) and this is true even though the nonclaim statutes apply also to actions for wrongful death. Clarke v. Organ, Mo., 329 S.W.2d loc. cit. 678–679. The nonclaim statutes both prior and since the amendment bar "all claims against the estate of a deceased person" (V.A.M.S., Sec. 473.360, subd. 1), but they do not in terms purport to change the substantive law—they deal with "all claims" against estates. The purpose of nonclaim statutes "is to provide relief against uncertainty in the late assertion of claims and to facilitate the speedy settlement of estates." Atkinson, Wills, Sec. 127, p. 690; North v. Hawkinson, Mo., 324 S.W.2d 733, 745. To carry out and enforce this basic purpose, "the legislature had the right and the power to prescribe the time within which, and the conditions under which, all such suits (or claims) against estates could be prosecuted." Clarke v. Organ, 329 S. W.2d loc. cit. 679. It should be carefully noted, however, that Clarke v. Organ did not say that nonclaim statutes were concerned with the substantive law governing plaintiff's actions. It was definitely deter-

mined in North v. Hawkinson that nonclaim statutes have the attributes, characteristics and consequences of general statutes of limitation.

■ And, " 'Generally speaking, no one has a vested right in a statute of limitations, and it is competent for the legislature, either by extending or reducing the period of limitation, to regulate the time within which suits may be brought *even on existing causes of action.*' " (Italics supplied.) North v. Hawkinson, 324 S.W.2d loc. cit. 743; Clarke v. Organ, 329 S.W.2d loc. cit. 679; 21 Am.Jur., Sec. 368, p. 590. Since no one has a vested right in a statute of limitations, the legislature may enact a nonclaim statute "applying retroactively to claims against estates of deceased debtors" if a reasonable time is allowed after enactment. Annotation 117 A.L.R. 1208. Conversely, since statutes of limitation relate to the remedy only, "the legislature has the power *to increase the period of time* necessary to constitute limitation, and to make it applicable to existing causes of action, provided such change is made before the cause of action is extinguished under the pre-existing statute of limitations." Annotation 46 A.L.R. 1101.

■ These noted general rules apply also to the statutes governing the abatement and revival of actions. Under the statutes prior to the enactment of the Civil Code of Procedure (Laws Mo.1943, p. 353) death did not abate an action in which there was a suggestion of death and substitution of parties "on or before the third term after the suggestion of such death." Mo.R.S.1939, Sec. 1042. But under the code, subject to the penalty of dismissal, it was necessary that substitution of parties be made "within 1 year after the death." Laws Mo.1943, p. 364. The latter statute was enacted while the action in Hartvedt v. Maurer, 359 Mo. 16, 220 S.W.2d 55, 57, was pending and even though the plaintiff had complied with the repealed statute (Sec. 1042) it was held, since substitution and revival were not sought within one year, that plaintiff's ac-

tion was subject to dismissal. Applicable to this case, the court pointed out that "Respondents do not claim the causes to determine title and in ejectment were *extinguished* upon the death of Hartvedt and Maurer \* \* \*." Nevertheless, the court held that "Repealed Sec. 1042, dealing with the subject of abatement and revival, is in the nature of a special statute of limitations." 220 S.W.2d loc. cit. 57. And, since there is no vested right in a statute of limitations, it was held that the legislature could reduce the period and thus destroy the plaintiff's right to enforce the action. See also Campbell v. Webb, 363 Mo. 1192, 258 S.W.2d 595, 606.

Thus it is plain, whatever the essential nature of the nonclaim statutes, that the respondent executor, as with the plaintiff, had no vested right in the statutes, they were subject to change by the legislature even as to pending actions. While the legislature did not lengthen or shorten the period for filing claims, it changed the effect of failure to timely file a claim from abating or barring the claim to preventing "recovery \* \* \* in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court." Laws Mo.1959, S.B. 305. Thus the essential and avowed purpose of the nonclaim statutes is not infringed by the change. The parties have no vested rights in the nonclaim statutes, and the statutes do not substantively affect the principal cause of action. If the legislature may lengthen or shorten the nonclaim period as to pending actions a fortiori it may otherwise alter or change its procedural effect. In any event, the plaintiff's action did not abate for the reason advanced by the respondent —that the original statute was substantive and extinguished the right rather than the remedy. Accordingly, for the reasons indicated, the judgment is reversed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.