**David GOODMAN, Plaintiff-Appellant,**

v.

**ST. LOUIS CHILDREN'S HOSPITAL, et al., Defendants-Respondents.**

**No. 66095.**

Supreme Court of Missouri,
En Banc.

April 2, 1985.

Rehearing Denied April 30, 1985.

---

8. 58 Am.Jur.2d *Nuisance* § 22.

Thomas C. DeVoto, Robert F. Ritter, Kevin M. Cushing, St. Louis, for plaintiff-appellant.

Gary Bomkamp, Anthony F. Vaiana, Dennis L. Callahan, W. Munro Roberts, Joseph M. Kortenhof, Phillip A. Franklin, St. Louis, for defendants-respondents.

BLACKMAR, Judge.

The question before us is whether § 516.-105, RSMo 1978, which causes the statute of limitations on medical malpractice to run against a minor, may be applied to bar a claim in which the alleged act of malpractice occurred prior to the effective date of the statute, August 13, 1976. The statute reads as follows:

All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that a minor under the full age of ten years shall have until his twelfth birthday to bring action, and except that in cases in which the act of neglect complained of its introducing and negligently permitting any foreign object to remain within the body of a living person, the action shall be brought within two years from the date of the discovery of such alleged negligence, or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence, whichever date first occurs, but in no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of.

The plaintiff was born August 6, 1961. He alleged that he was damaged by the malpractice of the defendant hospital and six physicians named as defendants in 1972, when he was 10 years of age. Suit was filed on July 20, 1981, at which time he was 19 years of age.

The defendants moved to dismiss the petition because of the bar of the statute of limitations above quoted. The circuit court sustained the motion. The Court of Appeals reversed and remanded. We granted transfer of this case and also of *McLeran v. St. Luke's Hospital of Kansas City,* 687 S.W.2d 892, decided this day, because of the importance of the issues presented. We reverse and remand for further proceedings.

The plaintiff argues for reversal that, as a minor, he had a "substantive right" in the statute of limitations in force at the time of his alleged injury by reason of § 516.170, RSMo 1978, which specifies that statutes of limitation are tolled during the period of minority. He further relies on the general savings statute, § 1.170 RSMo 1978, which provides that the repeal of a statute may not affect any accrued or established right. The plaintiff also alleged that § 516.105, RSMo 1978 is unconstitutional, in discriminating between minor plaintiffs in malpractice suits and other minor plaintiffs, and in requiring a minor to sue although disabled from bringing suit in his or her own name.[1]

The defendants, citing substantial authority,[2] argue that statutes of limitation are procedural rather than substantive, and may be applied to shorten the time for suing on existing claims. They reject the plaintiff's assertion that a claimant who has not filed suit has a substantive right to the maintenance of the statute of limitations in force at the time the claim occurred. Our attention has also been directed to cases in which statutes of limitations, or similar statutes, have been held to run

against minors.[3] The plaintiffs reply that the statutes the defendants cite are special statutes, not applicable to common law remedies.

The plaintiffs in *McLeran v. St. Louis Children's Hospital* also argue for the application of Section 1039, RSMo 1939, a section which has not reappeared in future revisions. They cite *Telaneus v. Simpson,* 321 Mo. 724, 12 S.W.2d 920 (Mo.1928). The defendants in *McLeran* argue that Section 1039 was a statute of limited application, which has no present effect and was properly dropped from future statutory revisions. We find it unnecessary to resolve the point.

The authorities cited in footnote 2 hold that statutes of limitations are procedural and that there is no vested right in the maintenance in force of the statute in effect when the claim accrued. It is possible to shorten the statute of limitations applicable to an existing claim. If any such attempt is made, however, those who have pending and unbarred claims at the time the new statute becomes effective must be afforded a reasonable time within which to file suit.[4]

Section 516.105 does not say expressly whether it applies to claims which existed at the time it was adopted. If it does it would apply, by its terms, to the claim of a boy injured before he was 8 years old, and who reached his 10th birthday the day after the statute became effective. It would apply to the claim of a child over the age of 10 at the time of an injury due to malpractice if the alleged malpractice occurred one

---

1. We need not determine whether the constitutional points were properly raised and preserved.

2. *Wentz v. Price Candy Co.,* 352 Mo. 1, 175 S.W.2d 852 (Mo.1943); *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938 (Mo. App.1982); *Rincon v. Rincon,* 571 S.W.2d 475 (Mo.App.1978).

3. *Pittman v. United States,* 341 F.2d 739 (9th Cir.1965); *Brown v. United States,* 353 F.2d 578 (9th Cir.1965); *Lametta v. Connecticut Light and*

*Power Co.,* 92 A.2d 731 (Conn.1952). They also adduce *Frazee v. Partney,* 314 S.W.2d 915 (Mo. 1958), dealing with the wrongful death statute and *Clarke v. Organ,* 329 S.W.2d 670 (Mo. banc 1959), dealing with the probate non-claim statute, in support of their position.

4. *See In Re Estate of McMahon,* 506 S.W.2d 389 (Mo.1974); *Hartvedt v. Mauer,* 220 Mo. 55 (Mo.1949); *Wentz v. Price Candy Co., supra* note 2.

day short of two years before the effective date of the statute. We do not believe that the legislature had any purpose of barring claims such as those just described.

The defendants realize that there is a problem in the exaggerated situations just described, and ask the Court to solve it by holding that the bar of the statute should be applied to a plaintiff such as the one now before us, who has two full years after this 10th birthday, and after the effective date of the statute, within which to file suit. To so hold we would have to add something to the statute which simply is not there. Had the legislature intended to add saving language, it had many available models. It did not use them.

In Re Estate of McMahon, 506 S.W.2d 389 (Mo.1974), demonstrates a method of applying a shortened statute of limitations to existing claims, while still affording claimants reasonable opportunity to file suit. The legislature postponed for one year the effective date of a statute shortening the limitation period from ten years to five. One who had an existing claim, then, had a whole year within which to file suit without regard to the provisions of the new statute. No such expedient was utilized in § 516.105.

We conclude, therefore, that § 516.105 should be applied only to claims accruing after its effective date. By this analysis, the plaintiff's suit was timely filed.

We do not reach the constitutional questions presented by the plaintiff, as to whether the statute of limitations on a common law claim may validly be applied against a minor.

The judgment is reversed and the case is remanded for further proceedings.

RENDLEN, C.J., HIGGINS, BILLINGS and DONNELLY, JJ., and MORGAN, Senior Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

GUNN, J., not sitting.

WELLIVER, Judge, dissenting.

I respectfully dissent.

The law is settled, as the principal opinion correctly observes, that statutes of limitations are procedural in nature. *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852 (1944). The law is equally clear that statutes affecting procedure are presumed to apply retroactively unless a contrary intention is expressed by the legislature. *Scheidegger v. Greene*, 451 S.W.2d 135, 137 (Mo.1970); *State ex rel. Clay Equipment Corp. v. Jensen*, 363 S.W.2d 666, 669 (Mo. banc 1963). This rule applies to laws that shorten the statute of limitations applicable to an existing cause of action, provided that a reasonable period of time is permitted to bring the action. *Rabin v. Krogsdale*, 346 S.W.2d 58, 60 (Mo.1961); *Hartvedt v. Maurer*, 359 Mo. 16, 220 S.W.2d 55, 58 (1949). Applying these rules of construction, every person who had an unfiled medical malpractice claim at the time § 516.105, RSMo 1978, went into effect has two years from the effective date of the statute or until his or her twelfth birthday, whichever occurs last, in which to bring the action. To hold otherwise, as the principal opinion does, is to deny the retroactive application of this procedural statute and to tacitly overrule existing law.