Lora McLERAN, a minor By and Through her mother and next friend, Christine J. McLERAN, Appellant,

v.

ST. LUKE'S HOSPITAL OF KANSAS CITY, Respondent.

No. 66275.

Supreme Court of Missouri, En Banc.

April 2, 1985.

Rehearing Denied April 30, 1985.

peals, Western District, reversed and remanded. We granted transfer and considered the case together with *Goodman v. St. Louis Children's Hospital*, 687 S.W.2d 889, decided today. The holding in *Goodman* mandates reversal and remand in this case.

There is another reason why this case must be reversed. Suit was brought within two years of the plaintiff's tenth birthday, and so the suit is timely even if § 516.105 applies, unless the last clause of the section imposes an absolute bar of ten years, so that this plaintiff would be absolutely barred unless she filed suit within 11 days after she reached her tenth birthday. We believe that the legislature, in seeking to run the statute of limitations against infants, intended that all infants have a full two years after the 10th birthday within which to file suit. The ten years maximum was designed to limit the "foreign object" exception to the two year statute, and not to limit the time within which an infant who suffers damage from malpractice within his or her first two years may file suit. Under the statute as just construed, the plaintiff's claim is timely.

The plaintiff alleges unconstitutionality. A challenge to the validity of a statute is inconsistent with the prosecution of an appeal to the Court of Appeals, for if the validity of a statute is challenged we have jurisdiction over the entire case. *Cf. State ex rel. Union Electric Company v. Public Service Commission of the State of Missouri*, et al., (Mo. banc 1985). But, just as in *Goodman v. Children's Hospital, supra*, we are able to decide this case without reaching the constitutional issues.

The judgment is reversed and the case is remanded for further proceedings.

RENDLEN, C.J., HIGGINS, BILLINGS and DONNELLY, JJ., and MORGAN, Senior Judge, concur.

WELLIVER, J., concurs in result.

GUNN, J., not sitting.

Ed Dougherty, G. Spencer Miller, Kansas City, for appellant.

John P. Poland, Don B. Robertson, Kansas City, for respondent.

BLACKMAR, Judge.

The plaintiff was born April 7, 1971. She filed suit on July 12, 1982, through her mother as next friend, alleging that she had suffered damage because of her negligent care and treatment by the defendant hospital between the time of her birth and April 18, 1971.

The defendant moved to dismiss, arguing that her claim was barred by the provisions of § 516.105, RSMo 1978, which became effective August 13, 1976. The trial court sustained the motion. The Court of Ap-