James **CRAWFORD**, Beatrice Crawford, and James Crawford, Appellants,

v.

Thomas Page **FENTON** and Louise Fenton, Respondents.

No. 13473.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 9, 1985.

(itemized in 17 specific assignments of negligence), plaintiff "was caused to suffer irreversible brain damage." Plaintiff seeks damages for permanent and total disability, including the cost of nursing care and medical treatment "for the rest of his life."

Plaintiff's parents, seeking reimbursement for medical expenses incurred on plaintiff's behalf, together with damages for loss of the value of his services, joined in the petition.

Defendants moved the trial court to dismiss the petition on the ground that all causes of action asserted therein were "barred by the Statute of Limitations."

The trial court granted defendants' motion and ordered the petition dismissed with prejudice.

Plaintiff and his parents appeal[1]; however, the assignments of error briefed challenge only the dismissal of plaintiff's claim. No error is charged regarding the dismissal of the parents' claim. Consequently, the appeal by the parents regarding the dismissal of their claim is deemed abandoned. *Charles Palermo Company, Inc. v. Wyant,* 530 S.W.2d 15, 17[1] (Mo.App. 1975); *Komanetsky v. Missouri State Medical Association,* 516 S.W.2d 545, 549[1] (Mo.App.1974).

The parties agree that plaintiff's cause of action, if any, accrued on the date of his birth, June 9, 1962. At that time, the statutes of limitation applicable to his claim were §§ 516.140 and 516.170, RSMo 1959.

Section 516.140, RSMo 1959, provided:

"Within two years: An action for libel, slander, assault, battery, false imprisonment or criminal conversation. *All actions against physicians,* surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums *for damages for malpractice,* error, or mistake *shall be brought within two years from the date of the act of neglect complained of,* and an action by an employee for the payment of unpaid minimum wages, unpaid

James J. Logan, James F. Koester, Inc., St. Louis, for appellants.

Richard G. Steele, Dale E. Gerecke, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for respondents.

CROW, Presiding Judge.

In a petition filed November 19, 1982, James Crawford ("plaintiff") alleges he was born June 9, 1962, and that Thomas Page Fenton and Louise Fenton ("defendants"), each a duly licensed physician, "undertook to deliver plaintiff." Plaintiff further alleges that as a direct and proximate result of medical malpractice by both defendants prior to and during his delivery

---

1. A trial court's dismissal of a petition as to all defendants with prejudice constitutes a final judgment, § 512.020, RSMo 1978, from which an appeal may be taken. *Granger v. Barber,* 361 Mo. 716, 236 S.W.2d 293, 294[1] (1951).

overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, said act being an act of congress, shall be brought within two years after the cause accrued." (Emphasis added).

Section 516.170, RSMo 1959, provided:

"*If any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be* either *within the age of twenty-one years,* or insane, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, *such persons shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.* (Emphasis added).

The statutes quoted above (§§ 516.140 and 516.170, RSMo 1959) were carried forward unchanged in RSMo 1969.

In 1976, when plaintiff was 14 years of age, the General Assembly enacted C.C.S. S.C.S.S.B. 470, Laws 1976, pp. 767–68. That legislation, hereafter referred to as "Bill 470," repealed §§ 516.140 and 516.-170, RSMo 1969, and enacted in lieu thereof three new sections. One of the new sections, codified as § 516.105, RSMo Supp. 1976, provided:

"All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that a minor under the full age of ten years shall have until his twelfth birthday to bring action, and except that in cases in which the act of neglect complained of is [2] introducing and negligently permitting any foreign object to remain within the body of a living person, the action shall be brought within two years from the date of the discovery of such alleged negligence, or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence, whichever date first occurs, but in no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of."

Another section enacted in Bill 470 was codified as § 516.140, RSMo Supp.1976. That section was identical to the section it replaced (§ 516.140, RSMo 1969 [3]) except that the new section contained nothing in regard to actions for medical malpractice. The reason, of course, is that § 516.105 (quoted above)—a part of Bill 470—now covered such actions.

The third section enacted in Bill 470 was codified as § 516.170, RSMo Supp.1976, the same number as the section it replaced (§ 516.170, RSMo 1969). New § 516.170 provided:

"*Except as provided in section 516.-105,* if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under

**2.** This word ("is") appears as "its" instead of "is" in the version of § 516.105 appearing in RSMo Supp.1976. The version quoted above in this opinion, in which the word appears as "is," is the version in Bill 470, Laws 1976, p. 767. Obviously, the version in RSMo Supp.1976 is a misprint. The error in RSMo Supp.1976 was carried forward, uncorrected, in RSMo 1978.

**3.** As explained *supra,* § 516.140, RSMo 1969, was unchanged from the previous revision, RSMo 1959. Section 516.140, as it appeared in RSMo 1959, is recited verbatim earlier in this opinion.

a sentence of a criminal court for a less term than for his natural life, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed." (Emphasis added).

Another pertinent statutory change occurred in 1976. Section 1, S.B. 500, Laws 1976, p. 765, which became codified as § 507.115, RSMo Supp.1976, provided:

"As used in sections 507.110 to 507.-220, the term 'infant' means any person who has not attained the age of eighteen years. All persons of the age of eighteen years or older, not otherwise disqualified, may commence, prosecute, or defend any action in his own name as the real party in interest."

Sections 516.105, 516.170, and 507.115, RSMo Supp.1976, were carried forward unchanged in RSMo 1978, and were in effect when plaintiff filed his petition on November 19, 1982. Plaintiff, at that time, was 20 years, 5 months, and 10 days old.

While this appeal was pending, the Supreme Court of Missouri decided *Goodman v. St. Louis Children's Hospital,* 687 S.W.2d 889 (Mo. banc 1985). There, a child was allegedly injured by malpractice of the hospital in 1972, when he was 10 years of age. Section 516.105, *supra,* took effect, as previously noted, in 1976. That was 4 years after the claim in *Goodman* accrued. The injured party in *Goodman* filed suit in 1981, when he was 19 years of age. The hospital contended the claim was barred by § 516.105. The Supreme Court disagreed, holding that § 516.105 should be applied only to claims accruing *after* its effective date. *Id.* at 892[2]. Consequently, the suit in *Goodman* was timely filed.

In the instant case, as in *Goodman,* the claim accrued (a) while plaintiff was an infant[4] and (b) prior to the effective date of § 516.105. Consequently, we know from *Goodman* that § 516.105 does not apply to plaintiff's claim in the instant case.

There is, however, an issue in the instant case that was not present in *Goodman.* The issue arises by reason of § 507.115, *supra,* which, it will be remembered, took effect in 1976, when plaintiff was 14 years of age. Section 507.115 is the statute that allows all persons 18 years of age or older, not otherwise disqualified, to commence and prosecute actions in their own names.

Defendants assert that by virtue of § 507.115, plaintiff, upon attaining the age of 18 years on June 9, 1980, could have commenced an action for his injuries in his own name, without the necessity of a guardian, curator, or next friend.[5] Consequently, say defendants, the 2-year statute of limitations, which had theretofore been tolled by § 516.170, began running on plaintiff on June 9, 1980, and plaintiff was obliged to file suit no later than 2 years thereafter. This action, as noted earlier, was filed November 19, 1982, 2 years, 5 months, and 10 days after plaintiff became 18 years of age. Defendants insist that plaintiff waited too long to file suit, and that his claim is barred.

All parties agree that the limitation on plaintiff's claim is 2 years. The dispute is whether the 2 years began running when plaintiff reached age 18, or when he reached age 21 (June 9, 1983).

In considering that issue, we note that the provisions of § 516.170 relevant thereto remained the same from the day plaintiff was born until the day this suit was filed, even though said section was repealed by Bill 470 in 1976 and simultaneously replaced by a new section identically num-

---

4. At the time plaintiff's cause of action accrued (June 9, 1962), § 507.110, RSMo 1959, provided: "Suits by infants may only be commenced and prosecuted, either: First, by a duly appointed guardian or curator of such infant; or, second, by a next friend appointed for him in such suit; or, third, if asserted by counterclaim, by a guardian ad litem." The term "infant," as used

in that statute, meant a person under the age of 21 years. *Quincy v. Quincy,* 430 S.W.2d 638 (Mo.App.1968); *Hanlin v. Burk Bros. Meat & Provision Co.,* 174 Mo.App. 462, 160 S.W. 547 (1913).

5. See footnote 4, *supra.*

bered. The new section, as demonstrated earlier, was the same as the one it replaced, except that the new section did not apply to claims covered by § 516.105. Thus, *so far as pertinent here,* § 516.170 has, since plaintiff's birth, provided that any person under 21 years of age at the time a cause of action accrues may bring the action "within the respective times in sections 516.100 to 516.370 limited after such disability is removed."

We next note that § 507.115, which enables 18-year-olds to sue in their own names, was enacted in 1976, in the same legislative session in which 516.170 was repealed and simultaneously reenacted as explained above.

Thus, in one legislative session (1976) we had (a) an act reducing the age at which a person could sue in his own name from 21 to 18, and (b) the repeal and reenactment of a statute (§ 516.170) tolling the running of the period of limitation on causes of action (except those covered by § 516.105) accruing to persons under age 21 until "such disability is removed."

■ Defendants would have us hold that the General Assembly, by enacting § 507.-115 in 1976, not only enabled 18-year-olds to sue in their own names, but also changed (from 21 to 18) the age at which statutes of limitation on causes of action accruing during infancy begin to run.

That is a bold hypothesis in view of the fact that § 516.170 (the "tolling" statute) still refers, as it always has, to persons "within the age of twenty-one years." [6]

■ To accept defendants' theory, we would have to hold either that (a) the period of limitation on a cause of action accruing to a person under the age of 21 years begins to run when such person reaches age 18, or (b) the words "within the age of twenty-one years" in § 516.170 are overridden by § 507.115, so that "within the age of twenty-one years" in § 516.170 must be

read as if it said "within the age of eighteen years."

Alternative "(a)," above, is patently absurd. Alternative "(b)" creates a conflict between § 507.115 and § 516.170, and would require us to hold that the former overrides the latter, even though, as previously observed, § 507.115 and the 1976 version of § 516.170 were enacted at the same legislative session.

It is manifest, of course, that §§ 507.115 and 516.170 are seemingly repugnant, as the former enables an 18-year-old to sue in his own name, yet the latter provides that if a cause of action (except those covered by § 516.105) accrues to a person under age 21, the period of limitation for the bringing of such action does not begin running until "such disability is removed."

Where two acts are seemingly repugnant they must be construed together when possible; if they are not irreconcilably inconsistent both must stand. *State ex inf. Ashcroft v. City of Fulton,* 642 S.W.2d 617, 620[2] (Mo. banc 1982); *State v. Kraus,* 530 S.W.2d 684, 686 (Mo. banc 1975). The principle of construing statutes harmoniously when they relate to the same subject matter is all the more compelling when (as here) they are enacted at the same session of the General Assembly. *State v. Holmes,* 654 S.W.2d 133, 135[4] (Mo.App. 1983).

Consistent with those principles, there is a way in which to apply §§ 507.115 and 516.170 as written, and, at the same time, to allow each to stand independently, unaffected by the other. We choose to follow that course.

■ Accordingly, we hold that even though plaintiff in the instant case could have, by reason of § 507.115, filed this action when be became 18 years of age without the necessity of a guardian, curator, or next friend, the 2-year limitation was nonetheless tolled, by reason of § 516.-170, until plaintiff reached age 21, at which

**6.** A new version of § 516.170 was enacted by Laws 1983, p. 900, and that version (codified as § 516.170, RSMo Cum.Supp.1983), like its predecessors, refers to persons "within the age of twenty-one years."

time said period of limitation began running. Consequently, plaintiff's claim was not barred by limitation when he filed suit November 19, 1982, and the trial court erred in dismissing the suit so far as plaintiff's claim is concerned.

Regarding the parents' claim, we noted at the outset that their appeal of the dismissal was abandoned.

That portion of the trial court's order dismissing plaintiff's claim with prejudice is reversed, and the cause is remanded to the trial court for further proceedings as to plaintiff's claim only. That portion of the trial court's order dismissing the parents' claim is affirmed.

FLANIGAN and MAUS, JJ., concur.

PREWITT, C.J., not participating.