**Mark Ellis MILLER, Plaintiff/Appellant,**

v.

**Dr. Samuel B. GUZE,**
**Defendant/Respondent,**

**and**

**Washington University Medical School,**
**et al., Defendants/Respondents.**

**No. 59828.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Norton V. Beilenson, Dolgin, Beilenson, Klein, Denlow & Nodiff, Clayton, for plaintiff/appellant.

Robert Solomon Rosenthal, David P. Ellington, Brown & James, P.C., St. Louis, for defendants/respondents.

CRANE, Judge.

Plaintiff, Mark Miller, appeals from the order of the trial court granting summary judgment in favor of defendants Dr. Samuel Guze and Washington University Medical School. The trial court found that plaintiff's action for medical malpractice and related claims was barred by the statute of limitations. We affirm.

Plaintiff's petition was filed on October 5, 1990. In it he alleged that beginning in January, 1964, Dr. Guze, acting individually and as an employee of Washington University, negligently administered shock treatments on him (Count I), hospitalized him against his will (Count II), and committed assault and battery upon him as a result of the alleged malpractice (Count IV). Defendants moved for summary judgment. In support of the motion for summary judgment, Dr. Guze filed an affidavit in which he averred that Miller was treated at Barnes hospital for psychiatric complaints from January, 1964 until July, 1965 and that no psychiatric treatment was rendered or supervised by Washington University Medical School or any member of its staff after August, 1970. Dr. Guze attached three letters to the affidavit which he received from plaintiff and/or his wife complaining about plaintiff's care and alleging he was misdiagnosed. These letters were dated June 27, 1970, December 11, 1970 and August 25, 1976. In opposition to the motion, plaintiff contended that the statute of limitations was tolled by fraudulent concealment of the defendants' negligence and filed affidavits attesting to plaintiff's present mental condition and plaintiff's mental condition at the time of the alleged malpractice. The trial court granted summary judgment in favor of defendants and designated its order as final for purposes of appeal. Plaintiff appeals from that order.

For his first point plaintiff claims the trial court "erred in granting summary judgment in favor of respondents for the reason that there were genuine issues of material fact which preclude summary judgment." This point is inadequate. It merely sets out an abstract proposition of law without stating "wherein" and "why" the trial court erred as required by Rule 84.04(d). *Thummel v. King*, 570 S.W.2d 679, 685–86 (Mo. banc 1978). In the argument portion of his brief, plaintiff identifies facts which he claims remain in dispute. These facts pertain to the merits of the medical malpractice claim and are irrelevant to the application of the statute of limitations. Although plaintiff argues that there is a dispute of fact over whether the statute of limitations was tolled by fraudulent concealment, he does not identify any facts underlying the determination of fraudulent concealment as being in dispute. Moreover, as is discussed further in this

opinion, plaintiff did not file a response in the form required by Rule 74.04(e) setting forth facts showing there is a genuine issue of fraudulent concealment for trial. Point I is denied.

For his second point plaintiff argues that the trial court erred because he "pled" fraudulent concealment which tolled the statute of limitations. On a motion for summary judgment, plaintiff may not rely on his pleadings. *Hummel v. Metropolitan St. Louis Sewer District*, 782 S.W.2d 451, 453 (Mo.App.1990). Rule 74.04(e) specifically provides in part:

When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The applicable statute of limitations in this medical malpractice action, where the claim arose prior to 1976, is two years. § 516.140 RSMo 1969.[1] Actions for false imprisonment and battery also carry a two year statute of limitations. § 516.-140 RSMo 1986.

Under § 516.280 fraudulent concealment of a cause of action is an improper act which, if established, will toll the running of the statute of limitations under § 516.140. *Smile v. Lawson*, 435 S.W.2d 325, 327 (Mo. banc 1968). A plaintiff who relies on fraudulent concealment to toll the statute of limitations in a malpractice action has the burden of proving each of the following elements:

(1) In treating the plaintiff, the doctor did or failed to do something which caused the injury;

(2) The doctor's conduct failed to meet the required standards of professional competence and was therefore negligent;

(3) The doctor had actual knowledge that he caused the injury;

(4) With that knowledge the doctor intended by his post-injury conduct and statements to conceal from the patient the existence of a claim for malpractice;

(5) The doctor's acts were fraudulent; and

(6) Patient was not guilty of a lack of diligence in sooner ascertaining the truth.

*Swope v. Printz*, 468 S.W.2d 34, 38–39 (Mo. 1971).

Defendants' motion for summary judgment was supported by an affidavit and exhibits which showed there was no fraudulent concealment. Fraudulent concealment is inapplicable if plaintiff knows or should have known he had a cause of action. *Tayborn v. Burstein*, 748 S.W.2d 824, 826 (Mo.App.1988). Plaintiff's letters, which defendants attached as exhibits to their motion, indicate he thought he had an action for malpractice as early as 1970. In his letter to Dr. Guze on June 29, 1970, plaintiff claimed that the doctors at Washington University had erroneously treated him for psychological problems when he had a physical illness, that he was given unnecessary shock treatments, that he had suffered physical damage from misdiagnosis, neglect and drugs, that they were grossly negligent, and had engaged in malpractice but that he was not filing a malpractice claim because the statute of limitations had run.

In a letter plaintiff and his wife sent to Dr. Guze on December 11, 1970, they stated that the doctors at Washington University had been negligent in not diagnosing and treating plaintiff's allergies. They again stated that they had consulted a lawyer who told them that the doctors had been negligent but they could not sue because of the two year statute of limitations.

In a letter by plaintiff's wife sent to Dr. Guze on August 25, 1976, she alleged that

---

1. The parties agree the applicable statute of limitations is two years, but both refer to § 516.-105 which was enacted in 1976. This statute however applies prospectively. *Goodman v. St.*

*Louis Children's Hospital,* 687 S.W.2d 889, 891 (Mo. banc 1985); *McLeran v. St. Luke's Hospital of Kansas City,* 687 S.W.2d 892, 893 (Mo. banc 1985).

the doctors had misdiagnosed her husband's ailments as a "manic-depressive psychosis". She stated that the true source of the plaintiff's medical problems was diagnosed as severe allergies by another physician in 1968. She also stated the doctors had misdiagnosed the cause of his back pain and that it was later determined to be caused by a vertebral spur rubbing on a spinal nerve.

In opposition to the motion for summary judgment, plaintiff filed his own affidavit and that of a psychiatrist as well as some exhibits. These materials are directed to the issue of whether plaintiff then had or now has a psychological disorder. Nothing in the exhibits or affidavits in any way relates to his claim of fraudulent concealment. The plaintiff did not set out any facts that the defendants concealed information from him which prevented the commencement of a medical malpractice action against them.

 Plaintiff also argues that defendants have fraudulently concealed his medical records from him. There is nothing in the record to suggest that these records were requested within the period of the statute of limitations. The sole evidence in the record is that these records were requested on August 14, 1990. Since the records were not sought until after his malpractice suit was filed and long after the statute of limitations had run, the withholding of those records could not possibly have constituted fraudulent misconduct which prevented plaintiff from filing suit within the statutory period.[2] Point II is denied.

For his third point plaintiff asserts:

The trial court erred in granting summary judgment in favor of respondents for the reason that whether appellant used due diligence in discovering the fraud with respect to his injuries is a question of fact for the jury.

Plaintiff's response to the motion for summary judgment did not set forth any specific facts in the form required by Rule 74.-04(e) showing that there is a genuine issue of due diligence for trial. Point III is denied.

The order of the trial court granting summary judgment on Counts I, III and IV is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

---

**2.** The dispute over whether plaintiff is currently entitled to these records is the subject of Count V of plaintiff's petition which is still pending.