**OLSEN & TALPERS, P.C., Appellant,**

v.

**David L. MURPHY, Respondent.**

**No. WD 68133.**

Missouri Court of Appeals,
Western District.

March 18, 2008.

Dale A. Norris, Kansas City, MO, for Appellant.

Kathleen Matthews, Kansas City, MO, for Respondent.

Before VICTOR C. HOWARD, C.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Olsen & Talpers, P.C., a Kansas City law firm, filed a petition on account against David Murphy to collect amounts owed for

legal services. After a bench trial, the circuit court entered judgment in favor of Murphy and against Olsen & Talpers finding the appropriate statute of limitations barred any recovery. Olsen & Talpers appeals claiming: (1) the statute was tolled by payments made by Murphy, and (2) the limitations period had not yet expired at the time of filing suit due to the tolling of the limitations period under § 516.280, RSMo 2000. We reverse and remand.

Beginning in the early 1990's through the spring of 1995, Olsen & Talpers provided various legal services to Murphy. In 1991 or 1992, Murphy executed an agreement assigning an executor fee, which he was to receive, to Olsen & Talpers as a payment toward his legal fees. Murphy never paid Olsen & Talpers the executor fee. On January 9, 1992, Murphy signed an agreement stating he would pay Olsen & Talpers $250.00 per month until his legal fees were paid in full. Murphy made some payments, and Olsen & Talpers continued to provide legal services to Murphy. Sometime in 1992, Murphy moved to Springfield, Missouri. Olsen & Talpers last received a payment from Murphy in November of 1992. Olsen & Talpers represented Murphy in a legal matter in the spring of 1995. Sometime later in 1995, Murphy disappeared from Springfield and left no forwarding address. Olsen & Talpers searched for Murphy for years before he was located in Cincinnati, Ohio, in 2004.

Olsen & Talpers filed its petition on account on January 14, 2005. A bench trial was held before the circuit court on November 16, 2006. The circuit court entered its Opinion and Judgment on January 23, 2007. At the time of trial, Murphy owed Olsen & Talpers $10,755.65 in legal fees, plus accruing interest.

Although Olsen & Talpers asserts two separate points on appeal, the underlying issue in both points is whether the petition was filed timely or whether it was barred by the applicable statute of limitations.

"The judgment of the trial court shall be affirmed 'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" *Melton v. Padgett,* 217 S.W.3d 911, 912 (Mo.App.2007) (quoting *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). The reviewing court defers to the circuit court's determination of credibility and views the evidence and permissible inferences in the light most favorable to the decree. *Wright ex rel. McBath v. Wright,* 129 S.W.3d 882, 884 (Mo.App.2004).

The circuit court held that Olsen & Talpers could have filed its cause of action in 1992 and that it was Olsen & Talpers conscious election to accept the payments upon a past due account rather than Murphy's subsequent act of concealment that caused them to refrain from bringing their cause of action within the five year statute of limitations. We disagree.

The circuit court relied on *Miller v. Guze,* 820 S.W.2d 576 (Mo.App.1991), but that case is distinguishable from the present case. In that case, Miller had filed a medical malpractice action in 1990, against Dr. Guze regarding treatment he received from 1964 through 1970. *Id.* at 577. After his treatment, Miller and his wife sent three letters to Guze alleging malpractice. *Id.* Two of these letters were sent in 1970. They alleged malpractice and stated they had consulted an attorney, but concluded they could not file suit because the two year statute of limitation had already expired. *Id.* at 578. The third letter was sent in 1976 and alleged Guze had misdiagnosed Miller. *Id.* at 578–79. Miller asserted that the statute of limitations was tolled due to Guze's fraudulent concealment of his negligence and fraudulent con-

cealment of Miller's medical records. *Id.* at 577. The court held that fraudulent concealment does not apply if Miller knew or should have known that he had a cause of action. *Id.* at 578. It was clear from the three letters that Miller believed he had a cause of action in 1970. *Id.* Further, there was no evidence that Guze had concealed any information from Miller. *Id.* at 579. Additionally, Miller did not even request medical records until 1990, after the statute of limitations had already expired. *Id.*

More analogous to the facts of the present case is *Berlin v. Pickett*, 221 S.W.3d 406 (Mo.App.2006). In that case, Dr. Berlin was employed by attorney Pickett for over twenty years as a consultant and expert witness. *Id.* at 408. Berlin conducted psychiatric evaluations of over 150 of Pickett's clients. *Id.* For fourteen years, Berlin provided services, and Pickett paid on a regular basis. *Id.* Then, Berlin stopped receiving regular payments. *Id.* at 409. Ten years later, Berlin ceased providing services due to the growing arrearage. *Id.* When Berlin discussed the increasing debt with Pickett, he promised to send payment but failed to do so. *Id.*

Approximately two and a half years after Berlin ceased providing services, Berlin filed suit against Pickett seeking damages for the unpaid services he provided to more than thirty clients. *Id.* Pickett contended that each client's services constituted a separate contract and that Berlin was barred from asserting that Pickett owed him for services provided more than five years before Berlin filed his petition. *Id.*

■ This court held that Berlin's claims were not barred. We determined that this was a single open account and that the cause of action accrued when the last service was performed. *Id.* at 411, 412. An open account is an implied contract con-

sisting of ongoing charges by one party and payments by the other party. *Id.* at 412. It is one where the charges have not been settled or where there are running or current dealings with the expectation of future dealings. *Id.* The evidence showed an ongoing course of dealing over twenty years for expert services. *Id.* Further, we held that even though there were many different clients it was still a single account. *Id.*

■ Like *Berlin*, Olsen & Talpers established an ongoing course of dealing with Murphy. Over a period of many years Olsen & Talpers provided legal services pertaining to Murphy's bankruptcy, obtaining a business loan, closing his business, tax matters, and estate matters. The charges were never settled; they continued and were ongoing. This account was a single open account. However, sometime in 1995, Murphy disappeared. Murphy did not make any contact with Olsen & Talpers with respect to his location, account, or intentions. Monthly billing statements were returned. Murphy left no forwarding address. Beginning in 1995, Olsen & Talpers attempted to locate Murphy using commercial and computerized search services. They came across multiple fake addresses and phone numbers for Murphy. Despite the ongoing investigative efforts of Olsen & Talpers, Murphy was not located until 2004 when he was found residing in Cincinnati, Ohio.

■ Section 516.280, RSMo 2000, states "If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." Olsen & Talpers set out sufficient evidence that Murphy was concealing himself, and Murphy presented no

evidence. We find that the statute of limitations commenced running with the provision of the last legal service in 1995. The statute of limitations, however, was tolled, pursuant to section 516.280, from the date of Murphy's disappearance later in that year until Murphy was discovered in 2004. Upon Murphy's discovery, the statute of limitations commenced running again and would not expire until approximately 2008. Olsen & Talpers filed its petition in January 2005, and, as such, it was timely.

We, therefore, reverse the circuit court's judgment in favor of Murphy and remand for a judgment consistent with this opinion.

All concur.