NORTH SUPPLY COMPANY,
Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. SC 82257.

Supreme Court of Missouri,
En Banc.

Oct. 17, 2000.

Anthony M. Whalen, Overland Park, KS, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Asst. Atty. Gen., Jefferson City, for Respondent.

STEPHEN N. LIMBAUGH, Jr., Judge.

Appellant, North Supply Company (NSC), seeks review of a decision of the Administrative Hearing Commission (AHC) affirming the Director of Revenue's (Director) partial denial of an application for a refund of local use taxes. NSC asks this Court to declare that the 1996 act repealing the local use tax was unconstitutional as applied, to the extent that it also eliminated the three-year statutory period for obtaining refunds of that tax. Because NSC challenges the constitutionality of a statute, this Court has jurisdiction. Mo. Const. art. V, sec. 3. The decision of the AHC is reversed, and the cause is remanded.

Section 144.748, RSMo Supp. 1992, effective July 1, 1992, imposed a 1.5 percent local use tax, which applied to tangible personal property purchased from sellers outside Missouri but stored, used or consumed within Missouri. This tax was imposed in addition to a 4.225 percent local use tax in place before July 1, 1992, under sec. 144.610, RSMo 1986. In *Associated Industries of Missouri v. Lohman,* 511 U.S. 641, 114 S.Ct. 1815, 128 L.Ed.2d 639 (1994) (*AIM II* ), the United States Su-

preme Court, reversing the decision of this Court in *Associated Industries of Missouri v. Director of Revenue*, 857 S.W.2d 182 (Mo. banc 1993) (*AIM I* ), held that, in localities where the use tax exceeds the sales tax, the system impermissibly discriminates against interstate commerce. *AIM II*, 511 U.S. at 643, 114 S.Ct. 1815. On April 23, 1996, after remand from the Supreme Court, this Court struck down sec. 144.748 in its entirety, having determined that the legislature clearly intended that the statute be applied uniformly throughout the state or not at all. *Associated Industries of Missouri v. Director of Revenue*, 918 S.W.2d 780 (Mo. banc 1996) (*AIM III* ). Soon thereafter, and in apparent response to *AIM III*, the legislature repealed sec. 144.748. The bill was signed into law on May 21, 1996, and was effective that date (instead of the usual 90 days after adjournment) by virtue of an emergency clause. Three days later, on May 24, NSC applied for a refund of the use taxes paid during the previous three years, from May 1993 through April 1996.

Before it was repealed, sec. 144.748 incorporated a special tax refund provision, sec. 144.190, RSMo 1994, that permitted full refunds with interest for taxes erroneously paid within three years of the refund request. When this Court first addressed the refund issue in *St. Charles County v. Director of Revenue*, 961 S.W.2d 44 (Mo. banc 1998), claims for refunds under sec. 144.190 that were made after May 21, 1996, were disallowed on the ground that the incorporation of that section was necessarily repealed as part of the repeal of sec. 144.748. *Id.* at 49. However, taxpayers who had not requested a refund before May 21, 1996, could still apply under the general tax refund provision, sec. 136.035, RSMo 1994, which has a two-year limitation period and which was not affected by the repeal of sec. 144.748. Consequently, the Director granted NSC a two-year refund under sec. 136.035, but denied a refund for the first year (1993–94) of the three-year claim. Thereafter, the AHC reviewed the Director's decision and affirmed.

NSC now raises a constitutional question that was neither raised nor addressed in *St. Charles County:* whether due process requires a refund of the unlawful taxes paid for all three years as had been provided under sec. 144.190. On this general question, the United States Supreme Court has held that the Due Process Clause requires states to "provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy' . . . for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." *McKesson v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 39, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). In *AIM II*, the Supreme Court applied that principle in discussing the remand, noting that a "clear and certain remedy" must be made available so that the tax collected "in no respect impermissibly discriminates against interstate commerce." *AIM II*, 511 U.S. at 656, 114 S.Ct. 1815. In the case at hand, however, the clear and certain remedy of sec. 144.190 was denied.

The Director argues, although without any direct reference to due process, that NSC should have paid the disputed taxes under protest, that it should have sought a refund immediately after payment, or at least during the pendency of the *AIM* litigation, and that it should not be allowed to invoke a repealed statute after it "sat on its rights." To the extent that the Director is suggesting that NSC should have availed itself of other remedies under the law, *Reich v. Collins*, 513 U.S. 106, 115 S.Ct. 547, 130 L.Ed.2d 454 (1994), compels the opposite conclusion. The *Reich* Court held that a state that has imposed a discriminatory tax may provide either a postdeprivation remedy, a predeprivation remedy, or both, but it may not "hold out what plainly appears to be a 'clear and certain' postdeprivation remedy and then declare, only after the disputed taxes have been paid, that no such remedy exists." *Id.* at 108, 115 S.Ct. 547. The Supreme Court explained that a state could not deny relief

based on the fact that predeprivation remedies existed when "no reasonable taxpayer would have thought that they represented, in light of the apparent applicability of the [postdeprivation remedy], the *exclusive* remedy for unlawful taxes," *id.* at 111, 115 S.Ct. 547, and further, that the taxpayer "was entitled to pursue what appeared to be a 'clear and certain' postdeprivation remedy, regardless of the State's predeprivation remedies," *id.* at 113, 115 S.Ct. 547. Though *Reich* involved the availability of somewhat different remedies than those involved in this case, the analysis is the same. It was not apparent that any of the other remedies suggested by the Director provided the exclusive remedy available at the time NSC filed for its tax refund, and NSC was entitled to pursue what appeared to be a clear and certain postdeprivation remedy under sec. 144.190, regardless of the availability of the other remedies.

■ Alternatively, to the extent that the Director argues simply that the application for a refund under sec. 144.190 was not timely filed, this Court is still unpersuaded. At the time NSC filed its application, there was no authority that required NSC to file before sec. 144.748 was repealed, and given the due process concerns of *McKesson* and *Reich*, NSC should not be penalized for waiting until both the courts and the legislature had spoken. The Director relies solely on *St. Charles County*, but as noted, the holding of *St. Charles County* does not preclude NSC's application for refund under sec. 144.190 because NSC's petition for review is based on due process grounds and presents an issue that *St. Charles County* did not address. *Goodman v. St. Louis Children's Hospital*, 687 S.W.2d 889 (Mo. banc 1985), although a statute of limitations case, is much more instructive. In *Goodman*, this Court, addressing a new statute of limitations that reduced a limitation period after claims had accrued, held that persons with accrued and unbarred claims must be afforded a reasonable time within which to file suit. *Id.* at 891. *See also In Re: Estate of McMahon*, 506 S.W.2d 389 (Mo.1974); *Wentz v. Price Candy Co.*, 352 Mo. 1, 175

S.W.2d 852 (1943); *Swartz v. Swartz*, 887 S.W.2d 644 (Mo.App.1994). Similarly, in this case, NSC should have been afforded a reasonable time after repeal of the statute to apply for a refund. However, there is no need to determine the exact measure of reasonable time because three days after the effective date of the repeal is within in a reasonable time by any measure.

Having disposed of the case on the due process issue, it is unnecessary to address NSC's other claims: 1) that the legislature exceeded its authority by enacting S.B. No. 981, the bill repealing sec. 144.748, with an emergency clause that made the bill effective immediately; 2) that the Director was bound to honor the three-year refund claim by virtue of a letter the Director sent in July 1996, to NSC and other taxpayers advising that they might be eligible for a three-year refund; and 3) that repeal of sec. 144.748 constituted an equal protection violation.

The decision of the AHC is reversed, and the cause is remanded.

All concur.